## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

In re:                                    )
David Brian Miller                        )        Case No. 23-20725
     Debtor.                            )        Chapter 11

## MOTION OF DAVID L. MILLER FOR RELIEF FROM STAY
## OR COMFORT ORDER

COMES NOW, David L. Miller, Trustee of The David L Miller Revocable Trust Dated February 26, 1996 ("Movant"), by and through counsel, and for his Motion for Relief from Stay or Comfort Order states as follows:

1. David Brian Miller ("Debtor") filed a petition under Chapter 11 of the Bankruptcy Code on June 28, 2023 (the "Filing Date").

2. Movant is an individual and Trustee of the David L. Miller Revocable Trust Dated February 26, 1996, in which capacity he owns the real property and improvements located at 13124 Meadow Lane, Leawood, Johnson County, Kansas 66209 (the "Premises").

3. Movant is the Seller and Debtor is the named Buyer under a Contract for Deed relative to the Premises (the "Contract for Deed"). A true and correct copy of the Contract for Deed is attached hereto and incorporated herein by reference as if fully set forth and identified as **Exhibit 1**.

4. Per the Contract for Deed, Debtor agreed to pay Movant the aggregate principal of $244,000, with $3,000 the Debtor had already paid in rent to be credited toward that principal balance, leaving $241,000 remaining to be paid under the Agreement.

5. Under the Contract for Deed, $1,500 would be due from Debtor to Movant on the tenth of every month until the contract would be fully paid. In addition, Debtor was to pay Movant "fifty percent

(50%) of any gross bonus that Debtor may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of [the] contract."

6.      In the event of default on any payment due under the Contract for Deed, for greater than 30 days, Movant may either accelerate the debt or declare the Contract for Deed null and void, terminating all Buyer's rights under the contract. In the latter event,

> [A]ll rights of the Buyer, hereunder, shall thereupon end and all money paid and improvements made hereunder shall then be retained by the Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder . . ..

Exhibit 1, page 3, DEFAULT.

7.      Debtor took possession of the Premises on October 26, 2012, Debtor continues to occupy the Premises.

8.      Debtor has made no payments under the Contract for Deed in many years and has no equity in the Premises. Movant has exercised its option to declare the Contract for Deed null and void.

9.      The Premises are the property of Movant and are not property of the bankruptcy estate.

10.      Movant caused to Debtor to be notified of his exercise of such option on or about April 4, 2023, and to vacate the Premises by no later than May 31, 2023. A correct copy of Movant's April 4, 2023 notice is attached to this petition as **Exhibit 2** and incorporated herein by this reference.

11.      Movant filed a Petition for Eviction on June 6, 2023 in the District Court of Johnson County, Kansas, which Petition was served on Debtor on or about June 8, 2023.  A correct copy of said Petition is attached to this petition as **Exhibit 3** and incorporated herein by this reference.

2

12. Trial was scheduled in the Johnson County eviction action on June 30, 2023. On the eve of trial in that action, Debtor filed its Petition herein, which resulted in a stay of Movant's eviction of Debtor and recovery of Movant's real estate.

13. Movant is entitled to possession of the Premises, which Movant owns.

14. Pursuant to 11 U.S.C. §§ 362(d) and 365, Movant is entitled to relief from the automatic stay for cause as the Debtor has failed to adequately protect Movant's interest in the Premises by failing to make payments to Movant as required and offers no plan for adequate protection or prompt cure moving forward. Movant is denied the benefit of his own property and is unable to lease it to a paying tenant or sell it to a paying buyer.

15. Movant requests an order granting relief from the automatic stay or comfort order to permit *in rem* enforcement of its rights to possession of the Premises (but not a money judgment), including necessary notices/demand(s) and recovery of possession through legal process.

16. Movant requests that any order granting relief from the automatic stay or comfort order not be subject to the 14-day stay of execution contemplated by Rule 4001(a)(3) for the reasons set forth above. The law favors the speedy restoration to Movant of his real estate. As it is, once the stay is lifted, it will be at least another week before Movant will be able to get a trial on his eviction petition and another week after trial to enforce any resulting judgment.

WHEREFORE, pursuant to 11 U.S.C. § 362(d) and §365, Movant respectfully requests that the Court grant it relief from the automatic stay or comfort order to permit *in rem* enforcement of its rights to possession of the Premises, including necessary notices/demand(s) and recovery of possession through legal process (but not a money judgment); that the 14-day stay of execution contemplated by Rule 4001(a)(3) be eliminated; and for such other and further relief as is just and equitable.

*McDowell, Rice, Smith & Buchanan P.C.*

By: */s/ Hugh L. Marshall*
Hugh L. Marshall  KS #19020
605 W. 47th Street, Suite 350
Kansas City, Missouri  64112
816/753-5400   FAX: 816/753-9996
hmarshall@mcdowellrice.com
ATTORNEY FOR DAVID L. MILLER

4

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that a complete copy of the foregoing instrument along with the Exhibits was filed with the court using the CM/ECF which sent notification to all parties of interest participating in the CM/ECF System (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this June 30, 2023:

**Via US Mail:**
David Brian Miller
13124 Meadow Lane
Leawood, KS 66209
DEBTOR

Ryan Blay
WM Law
15095 W 116th Street
Olathe, KS 66062
Email: blay@wagonergroup.com
ATTORNEY FOR DEBTOR

OFFICE OF THE U.S. TRUSTEE
301 N. Main, Suite 1150
Wichita, Kansas 67202
Email: ustpregion20.wi.ecf@usdoj.gov
U.S. TRUSTEE

Richard A Kear
DOJ-Ust
301 N. Main Street, Ste 1150
Wichita, Kansas 67202
Email: Richard.kear@usdoj.gov

John Nemecek
DOJ-Ust
301 N. Main Street, Ste 1150
Wichita, Kansas 67202
Email: john.nemecek@usdoj.gov

Jordan M Sickman
DOJ-Ust
301 N. Main Street, Ste 1150
Wichita, Kansas 67202
Email: jordan.sickman@usdoj.gov

*/s/ Hugh L. Marshall*
Hugh L. Marshall #19020

5

EXHIBIT

1

## CONTRACT FOR DEED

THIS AGREEMENT, made between the DAVID L. MILLER

REVOCABLE TRUST dated February 26, 1996, party of the first part, hereinafter

called the Seller, and DAVID B. MILLER, party of the second part, hereinafter

called the Buyer whether one or more.

WITNESSETH:     That for the consideration hereinafter specified, the

Seller hereby sells, and agrees to convey to said Buyer, the following described

real estate located in the County of Johnson, State of Kansas, to-wit:

Lot 81 of the Greenbrier of Leawood

(commonly known as 13124 Meadow Lane, Leawood, Kansas 66209).

IN CONSIDERATION WHEREOF, said Buyer hereby promises to pay to

Seller the sum of Two Hundred Forty-Four Thousand and 00/100 Dollars

($244,000.00) payable as follows: *3,000 PAID IN RENT WILL APPLIED TO BALANCE OF 244,00 NEW BAL 241.000*

1. The sum of One Thousand Five Hundred and 00/100 Dollars ($1,500.00)

per month beginning on the _10_ day of _NOVEMBER_ and on the

_10_ day of each month thereafter until this contract is fully paid.

2. As long as the Buyer is current on the monthly payment described above

and also complied with the other terms of this agreement, this contract will run

with no interest to by paid by Buyer.  In addition to the $1,500.00 monthly

payments, the Buyer further agrees to pay to Seller to be applied to the principal,

fifty percent (50%) of any gross bonus that Buyer may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of this contract. If default is made in the payment of any installment when due, then all other remaining installments shall become due and payable and shall run at an interest rate from date of default of four percent (4%) per annum on the unpaid balance of this contract.

TAXES: Buyer will be responsible for all real estate taxes and special assessments hereinafter becoming due and payable against said land and all improvements made thereon. Buyer will present the Seller with proof of payment of all taxes and special assessments.

INSURANCE: The Buyer shall and will from the date of the execution of this contract keep the buildings erected and to be erected on said lands, which are the subject matter of this contract, insured in some responsible insurance company duly authorized to do business in the State of Kansas in the amount of Two Hundred and Seventy-Three Thousand and 00/100 Dollars ($273,000.00) for the benefit of the Seller or the Seller's assigns. Buyer will present Seller with proof of said insurance on the real estate which is the subject matter of this contract showing Seller as the beneficiary of that insurance policy up to the amount of the unpaid principal still owed to Buyer.

2

DEFAULT: In the event Buyer shall fail to make the monthly payments required hereunder to the extent that he is in default in making any of said payments for a period of thirty (30) days, or if the Buyer fails to pay the taxes and insurance premiums as set out in this contract, or if the Buyer commits waste, attempted to assign this Contract for Deed in violation of the terms hereof, creates a lien on the property without the written consent of Seller or in any other way violates or breaches the terms of this Contract for Deed, the Seller may, at Seller's option, declare it null and void, and all rights of the Buyer, hereunder, shall thereupon end and all money paid and improvements made hereunder shall then be retained by the Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder; however, if the Seller does not exercise the option to terminate this contract, Seller may require specific performance or exercise any other rights or remedies available to Seller by law as otherwise provided in this Contract for Deed.

Buyer shall comply with all valid laws and ordinances in their use and occupancy of the premises, and agrees not to permit a nuisance or waste thereon.

3

Case 23-20725   Doc# 14   Filed 06/30/23   Page 8 of 27

IMPROVEMENTS:  Buyer shall keep the premises in good repair at their own expense during the life of this contract, and shall not make any changes or structural alternations to the premises without the written consent of the Seller.  In the event all of the terms of this contract have been complied with, Seller shall not unreasonably withhold such permission.  Buyer shall not be the agent of Seller in making repairs or improvements and no mechanic's liens or claims thereof shall be valid against the Seller or against the interest of Seller in the property.

ASSIGNMENT:  Buyer shall not have the right to assign or transfer this agreement or any interest thereunder without the written consent of the Seller.

MISCELLANEOUS:  Should Buyer sell this property during the lifetime of this contract, or during the life of David L. Miller, his father, whichever comes first, then the parties to this contract have agreed that any profit that the Buyer may realize from the sale of this property in excess of Two Hundred Seventy-Three Thousand and 00/100 Dollars ($273,000.00) will be shared equally between Buyer and Seller as part of this total contract.  The parties have agreed to this term because the Seller has not requested that Buyer pay interest on this contract unless the Buyer goes into default as more fully set out above.

WARRANTY DEED:  Upon payments of all of the amounts to be paid hereunder by Buyer, and upon Buyer fully complying with all of the other terms

4

and provisions hereof, Buyer shall receive a Warranty Deed for all of said property which shall warrant the title as of the date of this agreement and shall also warrant the title against all encumbrances or liens thereon made by Seller after the date of this agreement.

Buyer agrees to buy this property AS IS. Buyer acknowledges that they have had an opportunity to inspect the property prior to entering into this contract and that they have viewed the premises and had an opportunity to have all of the mechanical, electrical and plumbing items inspected in this house at their own expense and are buying the property AS IS.

POSSESSION: The Buyer to have possession of said real estate immediately.

It is mutually agreed that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, successors and assigns of the respective parties.

IN WITNESS WHEREOF, the said parties have hereunto set their hands and seals this 26 day of OCTOBER, 2012.

5

DAVID L. MILLER REVOCABLE TRUST
DATED FEBRUARY 26, 1996

By _____
DAVID L. MILLER, Trustee          Seller

_____
DAVID B. MILLER                   Buyer

6

Case 23-20725    Doc# 14    Filed 06/30/23    Page 11 of 27



EXHIBIT

2

**HUGH L. MARSHALL**
Direct Dial: (816) 960-7317
Email: hmarshall@mcdowellrice.com

605 West 47th Street
Suite 350
Kansas City, MO 64112
(816) 753-5400

April 4, 2023

*Via email jdlawgroup1@gmail.com*
Lynn Judkins
J.D. LAW, L.L.P.
4010 Washington Street, Suite # 530
Kansas City, Missouri 64111

Re: 13124 Meadow Lane, Leawood, KS 66209

Dear Lynn:

We represent David L. Miller, Trustee of the David L. Miller Revocable Trust dated February 26, 1996, the owner of the above referenced real estate (the "Real Estate"), which is currently occupied by your client, David B. Miller. If you will not be representing him with respect to this matter, please advise immediately.

On or about October 26, 2012, my client, as "Seller," entered a Contract for Deed to sell the Real Estate to your client as "Buyer." I am enclosing a copy for your review. In addition to various other obligations, per the Contract for Deed, Buyer agreed to pay Seller the principal amount of $244,000, with $3,000 the Buyer had already paid in rent to be credited toward that principal balance, leaving $241,000 remaining to be paid under the agreement. Thereafter, $1,500 would be due from Buyer to Seller on the tenth of every month until the contract would be fully paid. In addition, Buyer was to pay Seller "fifty percent (50%) of any gross bonus that Buyer may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of [the] contract."

In the event of default on any payment for greater than 30 days, the Seller has two enforcement options. One is that Seller may treat all other remaining installments as immediately due and payable at an interest rate of four percent per annum until paid in full. The other is that the Seller may declare the Contract for Deed null and void, terminating all Buyer's rights under the contract. In the latter event,

> [A]ll rights of the Buyer, hereunder, shall thereupon end and all money
> paid and improvements made hereunder shall then be retained by the

Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder . . ..

Buyer has made no payments under the Contract for Deed in years. Seller, therefore, exercises its option to declare the Contract for Deed null and void, and demands that Buyer vacate the Real Estate by no later than May 31, 2023.

Thank you for your attention to this matter.

Yours very truly,

**McDOWELL RICE SMITH & BUCHANAN**
**A Professional Corporation**

Hugh L. Marshall

HLM

Enclosure

7616628_1

Lynn Judkins
April 4, 2023
Page 3


bcc: David L. Miller

Case 23-20725    Doc# 14    Filed 06/30/23    Page 14 of 27

IN THE DISTRICT COURT OF JOHNSON COUNTY, KANSAS

| | |
|---|---|
| DAVID L. MILLER,<br>TRUSTEE OF THE DAVID L MILLER<br>REVOCABLE TRUST DATED<br>FEBRUARY 26, 1996<br><br>    Plaintiff,<br><br>v.<br><br>DAVID B. MILLER<br>JOHN DOE<br>JANE DOE<br><br>    Serve at:<br>    13124 Meadow Lane<br>    Leawood, KS 66209<br><br>    Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No. _____<br>)   Court No.<br>)   Chapter 61<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## PETITION FOR EVICTION
### (K.S.A 61-3804)

Plaintiff David L. Miller, Trustee of the David L. Miller Revocable Trust dated February 26, 1996 ("Plaintiff"), for his Petition for Eviction (the "Petition") against defendants David B. Miller, John Doe and Jane Doe, states as follows:

1.　　Plaintiff is an individual domiciled in Kansas and is the Trustee of the David L. Miller Revocable Trust dated February 26, 1996, in which capacity he owns the real property and improvements located at 13124 Meadow Lane, Leawood, Kansas 66209 (the "Premises").

2.　　Defendant David B. Miller ("Buyer") is an individual domiciled in the State of Kansas, who currently occupies the Premises.

3.　　Defendant John Doe is an individual who may currently occupy the Premises. Defendant John Doe may be served by substitute service or posting.

*Clerk of the District Court, Johnson County Kansas*
*06/06/23　10:09am TG*

Case 23-20725　Doc# 14　Filed 06/30/23　Page 15 of 27

4. Defendant Jane Doe is an individual who may currently occupy the Premises. Defendant Jane Doe may be served by substitute service or posting.

5. Plaintiff is the Seller, and Defendant David B. Miller is the Buyer under a Contract for Deed relative to the Premises (the "Contract for Deed"). A correct copy of said Contract for Deed is attached hereto as **Exhibit 1** and incorporated herein by this reference.

6. Per the Contract for Deed, Buyer agreed to pay Plaintiff the aggregate principal amount of $244,000, with $3,000 the Buyer had already paid in rent to be credited toward that principal balance, leaving $241,000 remaining to be paid under the Agreement.

7. Under the Contract for Deed, $1,500 would be due from Buyer to Plaintiff on the tenth of every month until the contract would be fully paid. In addition, Buyer was to pay Plaintiff "fifty percent (50%) of any gross bonus that Buyer may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of [the] contract."

8. For purposes of determining an appropriate bond, the reasonable rental value of the Premises would be the contractual $1,500 per month installment amount.

9. In the event of default on any payment due under the Contract for Deed, for greater than 30 days, Plaintiff may declare the Contract for Deed null and void, terminating all Buyer's rights under the contract. In the latter event,

> [A]ll rights of the Buyer, hereunder, shall thereupon end and all money paid and improvements made hereunder shall then be retained by the Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder . . ..

2

Exhibit 1, page 3, DEFAULT.

10.     David B. Miller, has made no payments under the Contract for Deed in many years. Plaintiff, therefore, exercises its option to declare the Contract for Deed null and void. Plaintiff caused to Defendant to be notified of his exercise of such option on or about April 4, 2023, and to vacate by no later than May 31, 2023. A correct copy of said notice is attached to this petition as **Exhibit 2** and incorporated herein by this reference.

11.     David B. Miller has failed to quit the Premises as demanded.

12.     Any rights of John Doe or Jane Doe to occupy the Premises are entirely derivative of David B. Miller's rights, which are terminated.

13.     Pursuant to K.S.A. 61-3803 on June 1, 2023 Plaintiff timely delivered to Defendant proper notice to quit the premises. A correct copy of the notice is attached to this petition as **Exhibit 3** and incorporated herein by this reference.

14.     Plaintiff is entitled to possession of the Premises, and for such other relief as the Court may grant.

WHEREFORE, Plaintiff prays for Judgment against Defendant David B. Miller, John Doe and Jane Doe, for possession of the Premises and the issuance of a writ of restitution to place Plaintiff in possession and for such other and further relief that the Court deems just.

McDOWELL, RICE, SMITH & BUCHANAN, P.C.,

By      /s/ Hugh L. Marshall_____
        Hugh L. Marshall          KS #19020
        605 W. 47th Street, Suite 350
        Kansas City, Missouri  64112
        816/753-5400  FAX: 816/753-9996
        hmarshall@mcdowellrice.com
        ATTORNEYS FOR PLAINTIFF

3

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*

EXHIBIT

1

# CONTRACT FOR DEED

THIS AGREEMENT, made between the DAVID L. MILLER REVOCABLE TRUST dated February 26, 1996, party of the first part, hereinafter called the Seller, and DAVID B. MILLER, party of the second part, hereinafter called the Buyer whether one or more.

WITNESSETH: That for the consideration hereinafter specified, the Seller hereby sells, and agrees to convey to said Buyer, the following described real estate located in the County of Johnson, State of Kansas, to-wit:

Lot 81 of the Greenbrier of Leawood

(commonly known as 13124 Meadow Lane, Leawood, Kansas 66209).

IN CONSIDERATION WHEREOF, said Buyer hereby promises to pay to Seller the sum of Two Hundred Forty-Four Thousand and 00/100 Dollars ($244,000.00) payable as follows: *3,000 PAID IN RENT WILL APPLIED TO BALANCE OF 244,000 NEW BAL 241.000 W/D*

1. The sum of One Thousand Five Hundred and 00/100 Dollars ($1,500.00) per month beginning on the __10__ day of __NOVEMBER__ and on the __10__ day of each month thereafter until this contract is fully paid.

2. As long as the Buyer is current on the monthly payment described above and also complied with the other terms of this agreement, this contract will run with no interest to by paid by Buyer. In addition to the $1,500.00 monthly payments, the Buyer further agrees to pay to Seller to be applied to the principal,

Clerk of the District Court, Johnson County Kansas
06/06/23  10:09am TG

fifty percent (50%) of any gross bonus that Buyer may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of this contract. If default is made in the payment of any installment when due, then all other remaining installments shall become due and payable and shall run at an interest rate from date of default of four percent (4%) per annum on the unpaid balance of this contract.

TAXES: Buyer will be responsible for all real estate taxes and special assessments hereinafter becoming due and payable against said land and all improvements made thereon. Buyer will present the Seller with proof of payment of all taxes and special assessments.

INSURANCE: The Buyer shall and will from the date of the execution of this contract keep the buildings erected and to be erected on said lands, which are the subject matter of this contract, insured in some responsible insurance company duly authorized to do business in the State of Kansas in the amount of Two Hundred and Seventy-Three Thousand and 00/100 Dollars ($273,000.00) for the benefit of the Seller or the Seller's assigns. Buyer will present Seller with proof of said insurance on the real estate which is the subject matter of this contract showing Seller as the beneficiary of that insurance policy up to the amount of the unpaid principal still owed to Buyer.

2

*Clerk of the District Court, Johnson County Kansas*
*06/06/23 10:09am TG*

DEFAULT: In the event Buyer shall fail to make the monthly payments required hereunder to the extent that he is in default in making any of said payments for a period of thirty (30) days, or if the Buyer fails to pay the taxes and insurance premiums as set out in this contract, or if the Buyer commits waste, attempted to assign this Contract for Deed in violation of the terms hereof, creates a lien on the property without the written consent of Seller or in any other way violates or breaches the terms of this Contract for Deed, the Seller may, at Seller's option, declare it null and void, and all rights of the Buyer, hereunder, shall thereupon end and all money paid and improvements made hereunder shall then be retained by the Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder; however, if the Seller does not exercise the option to terminate this contract, Seller may require specific performance or exercise any other rights or remedies available to Seller by law as otherwise provided in this Contract for Deed.

Buyer shall comply with all valid laws and ordinances in their use and occupancy of the premises, and agrees not to permit a nuisance or waste thereon.

3

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*

IMPROVEMENTS: Buyer shall keep the premises in good repair at their own expense during the life of this contract, and shall not make any changes or structural alternations to the premises without the written consent of the Seller. In the event all of the terms of this contract have been complied with, Seller shall not unreasonably withhold such permission. Buyer shall not be the agent of Seller in making repairs or improvements and no mechanic's liens or claims thereof shall be valid against the Seller or against the interest of Seller in the property.

ASSIGNMENT: Buyer shall not have the right to assign or transfer this agreement or any interest thereunder without the written consent of the Seller.

MISCELLANEOUS: Should Buyer sell this property during the lifetime of this contract, or during the life of David L. Miller, his father, whichever comes first, then the parties to this contract have agreed that any profit that the Buyer may realize from the sale of this property in excess of Two Hundred Seventy-Three Thousand and 00/100 Dollars ($273,000.00) will be shared equally between Buyer and Seller as part of this total contract. The parties have agreed to this term because the Seller has not requested that Buyer pay interest on this contract unless the Buyer goes into default as more fully set out above.

WARRANTY DEED: Upon payments of all of the amounts to be paid hereunder by Buyer, and upon Buyer fully complying with all of the other terms

4

and provisions hereof, Buyer shall receive a Warranty Deed for all of said property which shall warrant the title as of the date of this agreement and shall also warrant the title against all encumbrances or liens thereon made by Seller after the date of this agreement.

Buyer agrees to buy this property AS IS. Buyer acknowledges that they have had an opportunity to inspect the property prior to entering into this contract and that they have viewed the premises and had an opportunity to have all of the mechanical, electrical and plumbing items inspected in this house at their own expense and are buying the property AS IS.

POSSESSION: The Buyer to have possession of said real estate immediately.

It is mutually agreed that all covenants and agreements herein contained shall extend to and be obligatory upon the heirs, executors, administrators, successors and assigns of the respective parties.

IN WITNESS WHEREOF, the said parties have hereunto set their hands and seals this 26 day of OCTOBER, 2012.

5

*Clerk of the District Court, Johnson County Kansas*
*06/06/23 10:09am TG*

DAVID L. MILLER REVOCABLE TRUST
DATED FEBRUARY 26, 1996

By: _____
DAVID L. MILLER, Trustee     Seller

_____
DAVID B. MILLER            Buyer

6

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*



**HUGH L. MARSHALL**
Direct Dial: (816) 960-7317
Email: hmarshall@mcdowellrice.com

605 West 47th Street
Suite 350
Kansas City, MO 64112
(816) 753-5400

April 4, 2023

*Via email jdlawgroup1@gmail.com*
Lynn Judkins
J.D. LAW, L.L.P.
4010 Washington Street, Suite # 530
Kansas City, Missouri 64111

<div style="border:1px solid black; display:inline-block; padding:4px;">

**EXHIBIT**

**2**

</div>

    Re: 13124 Meadow Lane, Leawood, KS 66209

Dear Lynn:

    We represent David L. Miller, Trustee of the David L. Miller Revocable Trust dated February 26, 1996, the owner of the above referenced real estate (the "Real Estate"), which is currently occupied by your client, David B. Miller. If you will not be representing him with respect to this matter, please advise immediately.

    On or about October 26, 2012, my client, as "Seller," entered a Contract for Deed to sell the Real Estate to your client as "Buyer." I am enclosing a copy for your review. In addition to various other obligations, per the Contract for Deed, Buyer agreed to pay Seller the principal amount of $244,000, with $3,000 the Buyer had already paid in rent to be credited toward that principal balance, leaving $241,000 remaining to be paid under the agreement. Thereafter, $1,500 would be due from Buyer to Seller on the tenth of every month until the contract would be fully paid. In addition, Buyer was to pay Seller "fifty percent (50%) of any gross bonus that Buyer may receive from Highland Park Funeral Home and/or Highland Park Cemetery from this date forward during the term of [the] contract."

    In the event of default on any payment for greater than 30 days, the Seller has two enforcement options. One is that Seller may treat all other remaining installments as immediately due and payable at an interest rate of four percent per annum until paid in full. The other is that the Seller may declare the Contract for Deed null and void, terminating all Buyer's rights under the contract. In the latter event,

> [A]ll rights of the Buyer, hereunder, shall thereupon end and all money
> paid and improvements made hereunder shall then be retained by the

*Clerk of the District Court, Johnson County Kansas*
*06/06/23 10:09am TG*

Lynn Judkins
April 4, 2023
Page 2

Seller as rent and liquidated damages for the said non-performance and Seller shall thereupon be entitled to immediate possession of said real estate without notice. In the event Seller exercises its option to cancel this contract as aforesaid, upon cancellation and repossession by the Seller, all parties shall thereunder be released from further liability hereunder . . ..

Buyer has made no payments under the Contract for Deed in years. Seller, therefore, exercises its option to declare the Contract for Deed null and void, and demands that Buyer vacate the Real Estate by no later than May 31, 2023.

Thank you for your attention to this matter.

Yours very truly,

**McDOWELL RICE SMITH & BUCHANAN**
**A Professional Corporation**

Hugh L. Marshall

HLM

Enclosure

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*

7616628_1

Lynn Judkins
April 4, 2023
Page 3

bcc: David L. Miller

7616628_1

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*

David L. Miller
2106 N. 114th Terrace
Kansas City, KS 66109

June 1, 2023

<u>*VIA HAND DELIVERY AND POSTING*</u>

David B. Miller and All Occupants
13124 Meadow Lane
Leawood, KS 66209

<div style="float:right; border:2px solid black; padding:10px; text-align:center;">
**EXHIBIT**

**3**
</div>

Re:  <u>**Notice to Quit Premises**</u>

David (and all other occupants),

As I am sure you are aware, I declared the Contract for Deed null and void because of your failure to make payments under it when due, and gave you until May 31, 2023 to vacate my house at 13124 Meadow Lane in Leawood. It appears that you are still occupying the house.

If you fail to leave the house *at the expiration of three days* from the date of this letter, without further notice I will commence an action in the District Court of Johnson County, Kansas, under K.S.A. Section 61-3803, to eject and remove you and any other occupants from the property.

Sincerely,

David L. Miller

*Clerk of the District Court, Johnson County Kansas*
*06/06/23  10:09am TG*