**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF KANSAS**

In re:                                            )
David Brian Miller                                )        Case No. 23-20725
    Debtor.                                       )        Chapter 11

## JOINTLY SUBMITTED PROPOSED STIPULATED FACTS FOR THE HEARING ON DAVID L. MILLER'S MOTION FOR RELIEF FROM STAY, TO BE HEARD THURSDAY, SEPTEMBER 28, 2023

NOW COME David B. Miller (the "Debtor") and David L. Miller, as trustee of the David L. Miller Revocable Trust Dated February 26, 1996 ("movant"), by and through their respective counsel, and jointly submit the following proposed stipulated facts in anticipation of the hearing on Movant's Motion for Relief from Stay, scheduled with this court at 9 am on Thursday, September 28, 2023.

1. On or about October 26, 2012, David B. Miller (the "Debtor") and David L. Miller, as trustee of the David L. Miller Revocable Trust Dated February 26, 1996 ("movant") entered in a Contract for Deed. Said document is attached to Movant's Motion for Relief from Stay as Exhibit A and the parties stipulate to its authenticity.

2. The Contract for Deed called for the sale of 13124 Meadow Lane, Leawood, KS from movant to the Debtor.

3. The purchase price for the property was set at $244,000, of which $3,000 was stated to be a rent credit and the remainder to be paid in monthly installments of $1500 until the balance was due.

4. The contract for deed stated the interest rate would be 0% "as long as the Buyer [Debtor] is current…". The default interest rate was set at 4%.

5. Debtor was to pay all real estate taxes and insurance on the property and has done so since the contract for deed was signed.

6. The contract for deed contained a Default provision authorizing the Seller [movant] to declare the documents null and void and immediately terminate the rights of the Debtor.

7. Debtor made payments on the Contract for Deed beginning around October 2012 and ending around April 1, 2016.

8. On or around April 20, 2016, Movant told Debtor he did not need to make any more payments on the house and that all payments prior would be treated as rent (see response to Interrogatory No. 7).

9. During that conversation, movant told Debtor he expected to leave Debtor the real estate when movant died.

10. Movant did not execute a warranty or quitclaim deed to Debtor.  by and through their respective counsel, and jointly submit the following proposed stipulated facts in anticipation of the hearing on Movant's Motion for Relief from Stay, scheduled with this court at 9 am on Thursday, September 28, 2023.

11. Between April 20, 2016 and April 2023, movant made no demand for payments from Debtor under the Contract for Deed

Dated: September 22, 2023          Respectfully submitted,
                                   WM Law

                                   s/ Ryan A. Blay
                                   Ryan A. Blay, MO #KS001066; KS #28110
                                   15095 W. 116th St.
                                   Olathe, KS 66062
                                   Phone (913) 422-0909 / Fax (913) 428-8549
                                   blay@wagonergroup.com
                                   ATTORNEY FOR DEBTOR-DEFENDANT

2

_____/s/ Hugh L. Marshall _____

Hugh L. Marshall, KS#19020
605 W. 47th St, Ste. 350
Kansas City, MO  64112
Phone:  816-753-5400; Fax:  816-753-9996
HughM@mcdowellrice.com;
hmarshall@mcdowellrice.com
ATTORNEY FOR MOVANT-CREDITOR

3