# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| David Brian Miller | ) | Case No. 23-20725 |
| Debtor. | ) | Chapter 11 |

## SUBCHAPTER V SMALL BUSINESS PLAN OF REORGANIZATION FOR DEBTOR DAVID BRIAN MILLER, DATED NOVEMBER 20, 2023

This Plan of Reorganization is presented to you to inform you of the proposed Plan for restructuring the debt of Proponent David Brian Miller (the "Debtor"). and to seek your vote to accept the Plan.

You are encouraged to carefully review the full text of this document, including all exhibits and attachments, before deciding how to vote on the Plan.

**IN ADDITION TO CASTING YOUR VOTE TO ACCEPT OR REJECT THE PLAN, YOU MAY OBJECT TO THE TERMS OF THE PROPOSED PLAN. IF YOU WISH TO OBJECT TO THE ADEQUACY OF THE DISCLOSURES OR TO THE TERMS OF THE PROPOSED PLAN, THE OBJECTION DATES WILL BE PROVIDED IN A SEPARATE NOTICE.**

**YOUR BALLOT STATING HOW YOU ARE VOTING ON THE PLAN MUST BE RETURNED BY [DATE TO BE ANNOUNCED BY COURT AT STATUS CONFERENCE TBD]**

**THE BALLOT MUST BE MAILED TO THE FOLLOWING ADDRESS:**
**RYAN A. BLAY, 15095 WEST 116ᵀᴴ STREET, OLATHE, KS 66062.**

**A HEARING ON THE CONFIRMATION OF THIS PLAN IS SCHEDULED FOR [DATE AND TIME TO BE SET BY THE COURT IN A SEPARATE NOTICE]**

Your rights may be affected by this Plan of Reorganization. You should consider discussing this document with an attorney.

Dated: November 20, 2023

Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

# TABLE OF CONTENTS

| | | |
|---|---|---|
| I. | PLAN | Pages 3 – 17 |
| II. | EXHIBIT A | ASSETS – Schedules A/B |
| III. | EXHIBIT B | MONTHLY OPERATING REPORT(S) FILED WITH THE COURT |
| IV. | EXHIBIT C | PROFIT AND LOSS |
| V. | EXHIBIT D | LEASES – Schedule G – Assumption of Executory Contracts and Unexpired Leases |
| VI. | EXHIBIT E | PROJECTIONS OF CASH FLOW/EARNINGS POST CONFIRMATION PERIOD |
| VII. | EXHIBIT F | LIQUIDATION ANALYSIS |

# ARTICLE I

## 1.1 Definitions

A. DEBTOR: David Brian Miller, an individual person

B. CREDITORS: All creditors of the Debtor holding claims for unsecured debt, liabilities, demands, or claim of any character whatsoever, including any under-secured creditors.

C. SECURED CREDITORS: All creditors who hold a lien, security interest or other encumbrance which has been properly perfected, as required by law with respect to the property owned by the Debtor, prior to the filing of this case, or thereafter as authorized and ordered by the Court.

D. PRIORITY CREDITORS: All creditors who are deemed a priority under Section 507 of the Bankruptcy Code.

E. PLAN: Debtor's proposed reorganization plan in its present form or as it may be amended or supplemented from time-to-time hereafter.

F. COURT: United State Bankruptcy Court for the District of Kansas, including the United States Bankruptcy Judge presiding in the Chapter 11 case of the Debtor.

G. CLAIM: A duly listed or timely filed claim which is allowed and ordered paid by the Court.

H. EFFECTIVE DATE: Fourteen (14) days after the date on which the order confirming the Plan becomes final and non-appealable.

I. ADMINISTRATIVE EXPENSES: Claims against the Debtor arising under 11 U.S.C. § 507(a)(1) and allowed by the Court.

## HISTORY OF THE BUSINESS OPERATIONS OF THE DEBTOR

## 1.2 Nature of the Debtor's Business

David Brian Miller ("Miller" or the "Debtor") is an individual person and Leawood, KS resident. Mr. Miller operates three businesses: (a) Royal Seamless Gutter, Inc., a Kansas for-profit corporation in which the Debtor owns a 95% interest and the business itself owns the remaining 5%; (b) 99.5% ownership of Premier Properties, LLC, a Kansas limited liability company operating a 10-plex in Pleasant Hill, MO and (c) DALP Investments, Inc., a Kansas for-profit corporation owning the remaining .5% interest in Premier Properties, LLC and a single piece of real estate in Kansas City, MO. The Debtor intends, unless otherwise disclosed within, to continue operation of each of these business lines but reserves the right to terminate one or more of these businesses to focus on the most profitable at his discretion.

## 1.3 Filing of the Debtor's Chapter 11 Case

On June 28, 2023, the Debtor filed a voluntary petition for relief under the Bankruptcy Code. The Chapter 11 case is pending in the Bankruptcy Court for the District of Kansas.

## 1.4 Legal Structure and Ownership

As mentioned above, Mr. Miller in an individual with 100% control of each of the three businesses described in Section 1.2, above.

## 1.5 Debtor's Assets

The Debtor's assets consist of two motor vehicles, a boat, a 5th Wheel, household goods and electronics, firearms and clothing, CommunityAmerica Credit Union bank accounts, and an East Texas Dump Trailer. He also has other assets with either a $0 or unknown value. These include 2 dogs, term life insurance, Venmo and Paypal accounts, interests in the 3 businesses noted in Section 1.2, above, net loss carry forwards, and an equitable interest in the Debtor's home. A list of assets marked as **Exhibit A** is attached in the form of Schedule A/B from Debtor's petition as amended.

## 1.6    <u>Debtor's Liabilities</u>

The Debtor scheduled five secured claims in his schedules: A debt to Hopkins Management for the East Texas Dump Trailer for approximately $10,000, a debt to CommunityAmerica Credit Union, with a claim filed by the creditor of $14,630.85, and three debts to Mazuma Credit Union. These debts for $17,284.45, $18,769.10 and $18,701.93 are secured by, respectively, a Nissan Murano, the 5th Wheel, and a boat,

Along with that, there are alleged tax liabilities to the Internal Revenue Services. However, the Debtor intends to submit signed 2022 tax returns to the IRS for processing and expects those liabilities to be wiped away. If anything, the Debtor believes he is owed a tax refund. The Debtor has an ongoing domestic support obligation with Wanda Miller but is current on payments and is continuing to pay directly through his employment.

There are some general unsecured debts scheduled as well, including claims filed by Discover Bank, Highland Park Investments, Chase, MarksNelson[1], Spectra Metal Sales, Capital One, Premier Bankcard, Armstrong Teasdale, and Synchrony Bank (2 claims), These claims total over $630,000. Additionally, None of the following creditors filed claims, but are still eligible to participate in distributions through the Chapter 11 plan:. Avant/Webbank, CommunityAmerica Credit Union, Credit One Bank,, Mission Lane Tab Bank, Schilling Law, LLC, St. Luke's Hospital of Kansas, and TBOM/Aspire.

## 1.7    <u>Current and Historical Financial Conditions</u>

The Debtor's biggest struggle has been the real estate market. High interest rates mean less mortgage transactions and delays in selling real estate. Mr. Miller has managed properties and flipped homes in the past, and has lengthy experience in real estate. However, Premier Properties is particularly attuned to the market conditions, operating a 10-plex that is beyond the standard single-family real estate traditionally sought.

The Debtor believes that if he is allowed to reorganize, he can now pay operating costs along with secured creditors and a significant dividend to general unsecured creditors to maintain his businesses and ultimately grow them. .

Unsecured creditors holding allowed claims will receive an amount equaling not less than would have been paid under Chapter 7 of the Bankruptcy Code. See attached copies of Debtor's Monthly Operating Reports filed since the filing of the bankruptcy case, for the months of June/July, August, and September 2023 Marked as **Exhibit B**. (October 2023's report is due in November 2023 after the filing of this Plan), and the Debtor anticipates filing the October and perhaps November 2023's operating reports before any hearing on confirmation of this Plan.

## 1.8    <u>Events Leading to the Filing of the Bankruptcy Case</u>

The primary driver of the bankruptcy filing was litigation commenced by the Debtor's father, David L. Miller. David L. Miller operates two entities. The first, the David L. Miller Revocable Trust Dated February 26, 1996, is the legal owner of the Debtor's home. The Debtor and the Revocable Trust entered into a Contract for Deed for the Debtor to purchase the real estate in Leawood, KS. The Debtor made payments on the Contract for Deed until he was directed to stop making payments by David L. Miller. The trust commenced litigation in Johnson County, Kansas pre-petition. Two days after the filing of the bankruptcy petition, the Trust brought a Motion for Relief from the Automatic Stay or Comfort Order. The Debtor and Creditor currently await the decision of the Bankruptcy Court regarding the Trust's motion.

---

[1] As resolved by the Bankruptcy Court's Order Sustaining Debtor's Objection to Claim

The other litigation was commenced by Highland Park Investments, Inc. and concerns separate arrangements made between the Debtor and the Creditor.

**1.9  Significant Events During the Bankruptcy Case**

Since the filing of the bankruptcy the following is a list of significant events:

- The Debtor received approval to employ WM Law as counsel.
- The Debtor is working on a motion to retain Ong & Company as accountants for the Estate.
- The Debtor defended a Motion for Relief from Stay filed by the David L. Miller Revocable Trust, brought to an evidentiary hearing.
- The Debtor brought an objection to the claim filed by the Internal Revenue Service ("IRS"). The IRS amended its claim, resolving the objection.
- The Debtor has filed his August and September monthly operating reports and is working on October's to incorporate into this Plan.

**1.10  Projected Recovery of Avoidable Transfers**

The Debtor does not anticipate any litigation to seek recovery of avoidable transfers.

# ARTICLE 2

## THE PLAN

The Debtor's Plan must describe how its Creditors will be paid. Certain Claims are entitled to specific treatment under the Bankruptcy Code and are not placed in a class for purpose of payment. For example, Administrative Expenses and Priority Tax Claims are not classified.

As required by the Code, the Plan places Claims and Equity Interests in various classes and describes the treatment each class will receive. The Plan also states whether each class of Claims or Equity Interests is impaired or unimpaired. A Claim or Equity Interest can be impaired if the Plan alters the legal, equitable or contractual rights to which the Claimants are otherwise entitled. If the Plan is confirmed, each Creditor's recovery is limited to the amount provided in the Plan.

Only Creditors in classes that are impaired may vote on whether to accept or reject the Plan, and only Creditors holding Allowed Claims may vote. A class accepts the Plan when more than one-half (1/2) in number and at least two-thirds (2/3) in dollar amount of the Allowed Claims that actually vote, vote in favor of the Plan. Also, a class of Equity Interests holders accepts the Plan when at least two-thirds (2/3) in amount of the allowed Equity Interest holders that actually vote, vote in favor of the Plan. A class that is not impaired is deemed to accept the Plan.

**2.1  Unclassified Claims**

Certain types of Claims are automatically entitled to specific treatment under the Code. For example, Administrative Expenses such as attorney fees are not classified. They are not considered impaired, and holders of such Claims do not vote on the Plan. They may, however, object if, in their view, their treatment under the Plan does not comply with that required by the Code. As such, the Plan does not place the following Claims in any class.

## A. Administrative Expenses

The Debtor must pay all Administrative Expenses in full. If an Administrative Expense is disputed, the Bankruptcy Court must determine the validity and amount of the Administrative Expense, or in other words, "allow" the Administrative Expense. Any Administrative Expense that is undisputed and is due and owing on the Confirmation Date must be paid on the Effective Date of the Plan, or upon such other terms as agreed upon by the Debtor and the Administrative Claimant. If the Administrative Expense is disputed, payment will be made after the Administrative Expense is allowed by the Bankruptcy Court.

There are several types of Administrative Expenses, including the following:

1.      If the Debtor trades in the ordinary course of business following its filing of the Chapter 11 Case, Creditors are entitled to be paid in full for the goods or services provided. This ordinary trade debt incurred by the Debtor after the Petition Date will be paid on an ongoing basis in accordance with the ordinary business practices and terms between the Debtor and its trade Creditors.

2.      If the Debtor received goods it has purchased in the ordinary course of business within twenty (20) days before the Petition Date, the value of the goods received is an Administrative Expense.

3.      Administrative Expenses also include any post-petition fees and expenses allowed to professionals, including attorneys and accountants employed upon Bankruptcy Court authority to render services to the Debtor during the course of the Chapter 11 case. These fees and expenses must be noticed to Creditors and approved by the Bankruptcy Court prior to payment.

The following chart lists the Debtor's estimated Administrative Expenses, and their proposed treatment under the Plan:

| Type | Estimated Amount Owed | Proposed Treatment |
|---|---|---|
| Expenses arising in the ordinary course of business after the Petition Date | None | Payment through the Plan as follows: |
| Administrative Tax Claim | None | Payment through the Plan |
| The value of goods received in the ordinary course of business within 20 days before the Petition Date | None | Payment through the Plan as follows: |
| Professional fees, as approved by the Bankruptcy Court | Counsel estimates post-filing fees at approximately $12,000, exclusive of any funds held in trust. | After Bankruptcy Court approval, Payment through the Plan as follows: Retainer to be paid from funds held in Attorney's Trust Account, then $500 per month for 24 months.<br><br>Additional fees paid by Debtor, |

| | | after Bankruptcy Court approval. |
|---|---|---|
| Clerk's Office fees | None | Paid in full on the Effective Date. |
| Other Administrative Expenses | None | Payment through the Plan as follows: |
| Trustee | Kent Adams | Upon application under § 330 and after Bankruptcy Court approval, payment through the Plan as follows: Within 30 days of Order of Approval or as negotiated with the Trustee. Debtor anticipates these expenses to total approximately $2,000. |

### B. Priority Tax Claims

Priority Tax Claims are unsecured income, employment, and other taxes described by § 507(a)(8) of the Code. Unless the holder of such a § 507(a)(8) Priority Tax Claim agrees otherwise, it must receive the present value of such Claim, in regular installments paid over a period not exceeding five (5) years from the order of relief.

Each holder of a Priority Tax Claim will be paid as set forth in the chart below:

| Name of Taxing Authority and Type of Tax | Estimated Amount Owed | Date of Assessment | Treatment |
|---|---|---|---|
| Internal Revenue Service | $0 per the amended proof of claim filed by the IRS on November 8, 2023 | n/a | Payment Treatment: The Debtor proposes no payment to the IRS as any claim has been resolved<br><br>Interest rate: n/a |
| Kansas Department of Revenue | $0 | n/a | Payment Treatment: n/a. The Debtor is unaware of any tax liability to the KDOR and does not accept a claim being filed by KDOR.<br><br>Interest rate: n/a<br><br>. |

## 2.2 Classes of Claims and Equity Interests
The following are the classes set forth in the Plan, and the proposed treatment that they will receive under the Plan:

### A. Classes of Secured Claims
Allowed Secured Claims are Claims secured by property of the Debtor's bankruptcy estate (or that are subject to setoff) to the extent allowed as secured Claims.

All fees required to be paid by 28 U.S.C. § 1930(a)(6) ("United States Trustees Fees") will accrue and be timely paid until the case is closed, dismissed, or converted to another chapter of the Bankruptcy Code. Any United States Trustee Fees owed on the or before the Effective Date of the Plan will be paid on the Effective Date.

Under § 506 of the Code, if the value of the collateral or setoffs securing the Creditor's Claim is less than the amount of the Creditor's Allowed Claim, the deficiency will be classified as a general unsecured Claim.

The following chart lists all classes containing the Debtor's secured prepetition Claims and their proposed treatment under the Plan:

| Class # | Description | Insider? (Yes or No) | Impairment | Treatment |
|---------|-------------|----------------------|------------|-----------|
| 1 | Secured claim of: CommunityAmerica Credit Union (filed as Claim #18)<br><br>Lien on Debtor's 2019 Ford F-250 Super Duty<br>Allowed Amount: $14,630.85<br>Allowed Secured Amount $14,630.85 | No | Impaired | Treatment of Lien: Fixed monthly payments with interest on the allowed secured claim at 7.0%. CommunityAmerica Credit Union shall retain its lien on the collateral until the allowed secured claim is paid in full.<br><br>Regular monthly payments of $289.71 per month.<br><br>Payments begin: February 1, 2024<br>Payments end: January 2029 |
| 1 | Secured Claim of Mazuma Credit Union (filed as Claim #9)<br><br>Lien on Debtor's 2021 Nissan Murano<br><br>Allowed Amount: $17,284.45<br><br>Allowed Secured Amount: $17,284.45 | No | Impaired | Treatment of Lien:<br><br>Fixed monthly payments with interest on the allowed secured claim at 7.0%. Mazuma Credit Union shall retain its lien on the collateral until the allowed secured claim is paid in full. |<br><br>Regular monthly payments of $342.25<br><br>Payments begin: February 1, 2024<br>Payments end: January 2029 |

| 1 | Secured Claim of Mazuma Credit Union (filed as Claim #10)<br><br>Lien on Debtor's 2019 Forest River Impression 5th Wheel<br><br>Allowed Amount: $18,769.10<br><br>Allowed Secured Amount: $18,769.10 | No | Impaired | Treatment of Lien:<br><br>Fixed monthly payments with interest on the allowed secured claim at 7.0%. Mazuma Credit Union shall retain its lien on the collateral until the allowed secured claim is paid in full. \|<br><br>Any unpaid contractual interest shall be treated with general unsecured creditors.<br><br>Regular monthly payments of $371.65<br><br>Payments begin: February 1, 2024<br>Payments end: January 2029 |
| 1 | Secured Claim of Mazuma Credit Union (filed as Claim #11)<br><br>Lien on Debtor's Bentley Boat<br><br>Allowed Amount: $18,701.93<br><br>Allowed Secured Amount: $18,701.93 | No | Impaired | Treatment of Lien:<br><br>Fixed monthly payments with interest on the allowed secured claim at 7.0%. Mazuma Credit Union shall retain its lien on the collateral until the allowed secured claim is paid in full. \|<br><br>Any unpaid contractual interest shall be treated with general unsecured creditors.<br><br>Regular monthly payments of $370.32<br><br>Payments begin: February 1, 2024<br>Payments end: January 2029 |

| 1 | Secured Claim of Hopkins Management (no claim filed)<br><br>Lien on Debtor's East Texas Dump Trailer<br><br>Allowed Amount: $n/a<br><br>Allowed Secured Amount: $/na | No | Impaired | Treatment of Lien:<br><br>Hopkins Management did not file a claim and the Debtor is unable to verify if this is a true secured transaction and if Hopkins Management properly perfected any lien on the collateral. Thus, to the extent this is a secured agreement, the Debtor shall not pay on this claim in his plan. Instead, Royal Seamless, who maintains and uses the dump trailer, shall pay pursuant to the terms of the agreement with creditor and maintain use of (and insurance for) the collateral as required by any agreement between the parties.<br><br>To the extent this obligation is for an executory contract and not a secured claim, the Debtor will assume the contract.<br><br>Regular monthly payments of n/a<br><br>Payments begin: n/a<br>Payments end: n/a |

## B. Classes of Priority Unsecured Claims

Certain priority Claims that are referred to in §§ 507(a)(1), (4), (5), (6), and (7) of the Code are required to be placed in classes. The Code requires that each holder of such a Claim receive cash on the Effective Date of the Plan equal to the allowed amount of such Claim. However, a class of holders of such Claims may vote to accept different treatment.

The following chart lists all classes containing Claims under §§ 507(a)(1), (4), (5), (6), and (a)(7) of the Code and their proposed treatment under the Plan:

| Class # | Description | Impairment | Treatment |
|---------|-------------|------------|-----------|
| 2 | Priority unsecured claims pursuant to Section 507(a)(1), (4), (5), (6), and & (7)<br><br>**Wanda Miller, ongoing domestic support obligation.** | Unimpaired | Debtor will continue to make direct payments for the domestic support |

| | | | obligation until the obligation is satisfied. |
|---|---|---|---|

## C. Classes of General Unsecured Claims

General unsecured Claims are not secured by property of the estate and are not entitled to priority under § 507(a) of the Code. [Insert description of §1122(b) convenience class if applicable.]

The following chart identifies the Plan's proposed treatment of Classes 6 through 8, which contain general unsecured Claims against the Debtor:

| Class # | Description | Insider? (Yes or No) | Impairment |
|---|---|---|---|
| 3 | General unsecured class<br><br>Includes:<br>Discover Bank ($5,040.27, claim #1); Highland Park Investments ($172,268.49; $145892.47; $102665.07; $58739.88 Claims #2-5, as amended); Chase ($3124.16, claim #7); MarksNelson ($715, as allowed by Doc. #50, Order Granting Debtor's Objection to Proof of Claim, claim #8); Spectra Metal Sales, Inc. ($132924.56, claim #12); Capital One ($1385.38, claim #13); Premier Bankcard LLC ($794.21, claim #14); Armstrong Teasdale LLP ($8283.43, claim #15); Synchrony Bank ($990.17, claim #16); Synchrony Bank ($1361.77, claim #17); CommunityAmerica Credit Union ($9443.98, claim #19), unpaid interest from Mazuma Credit Union claims #10 and #11 | Impaired | For the unsecured claims, General Unsecured Creditors shall share in payments from disposable monthly income following years 3-5. The Debtor does not anticipate having funds available to pay general unsecured creditors in Years 1-2 of the plan due to administrative costs. The Debtor agrees to pay in disposable income pursuant to 11 U.S.C. §1191(c)(2)(A). |
| | Avant/Webbank, Credit One Bank, Mission Lane Tab Bank, Schilling Law, LLC St. Luke's Hospital TBOM/Aspire of Kansas, and David L. Miller, Trustee of the David L. Miller Revocable Trust Dated 2/26/1996 did not file claims. To the extent Avant/Webbank, Credit One Bank, Mission Lane Tab Bank, Schilling Law, LLC St. Luke's Hospital TBOM/Aspire of Kansas claims were not filed by a third party, they are permitted to participate in distributions notwithstanding their failure to file claims. Payments will be made to the best known address in Debtor's possession., | | As to David L. Miller, he has taken the legal position that he is not seeking or entitled to any payment of any alleged debt resulting from the Contract for Deed on the Debtor's homestead. Therefore, he may not participate in distributions under this plan. This is subject to the Court's ruling on David L Miller's motion for relief from stay. |

**D. Classes of Equity Interest Holders**

Equity Interest holders are parties who hold an ownership interest (i.e., equity interest) in the Debtor. In a corporation, entities holding preferred or common stock are Equity Interest holders. In a partnership, Equity Interest holders include both general and limited partners. In a limited liability company ("LLC"), the Equity Interest holders are the members. Finally, with respect to an individual who is a debtor, the Debtor is the Equity Interest holder.

The following chart sets forth the Plan's proposed treatment of the classes of Equity Interest holders: [There may be more than one class of Equity Interest holders in, for example, a partnership case, or a case where the prepetition Debtor had issued multiple classes of stock.]

| Class # | Description | Insider? (Yes or No) | Impairment |
|---------|-------------|----------------------|------------|
| 4 | Equity Interest Holders: David Brian Miller, Debtor | Unimpaired | none |

**2.3    Estimated Number and Amount of Claims Objections**

A Disputed Claim is a claim that has not been allowed or has been disallowed by a final non-appealable order, and as to which either:

(i)     A proof of claim has been filed or deemed filed, and the Debtor of another party in interest has filed an objection; or

(ii)    No proof of claim has been filed, and the Debtor has scheduled such claim as disputed, contingent, or liquidated.

The Debtor will have the power and authority to settle and compromise a Disputed Claim with Court approval and compliance with Rule 9019 of the Federal Rules of Bankruptcy Procedure.

The Debtor may object to the amount or validity of any Claim within 60 days of the Confirmation Date by filing an objection with the Bankruptcy Court and serving a copy of the objection on the holder of the Claim. The Claim objected to will be treated as a Disputed Claim under the Plan. If and when a Disputed Claim is finally resolved by the allowance of the Claim in whole or in part, the Debtor will pay the Allowed Claim in accordance with the Plan. [Set forth amount and number of Claims in each class that will objected to.]

| Class | Number of Claims Objected To | Amount of Claims Objected To |
|-------|------------------------------|------------------------------|
| | The Debtor does not anticipate filing any claims objections beyond the objections already filed. However, to the extent future filed tax returns, amended returns, or filings indicate a change in the amount due to any taxing authority, the Debtor may initiate a claim objection within the time frame specified above. | n/a |

**2.4    Treatment of Executory Contracts and Unexpired Leases**

Executory Contracts are contracts where significant performance of the contract remains for both the Debtor and another party to the contract. The Debtor has the right to reject, assume (i.e., accept), or

assume and assign these types of contracts to another party, subject to the Bankruptcy Court's approval. The paragraphs below explain the Debtor's intentions regarding its Executory Contracts (which includes its unexpired leases) and the impact such intentions would have on the other parties to the contracts.

Check all that apply.

**[X]    Assumption of Executory Contracts**
The Executory Contracts listed below shall be assumed by the Debtor unless otherwise noted. Assumption means that the Debtor has elected to continue to perform the obligations under such contracts and unexpired leases, and to cure defaults of the type that must be cured under the Bankruptcy Code, if any.

If you object to the assumption of your unexpired lease or executory contract, the proposed cure of any defaults, or the adequacy of assurance of future performance, you must file and serve your objection to the assumption within the deadline for objecting to the confirmation of the Plan, unless the Bankruptcy Court as set an earlier date.

_**The Debtor formally accepts the lease with Anytime Fitness and, to the extent appropriate, Hopkins Management**_

OR
[ ]    Rejection of Executory Contracts and Unexpired Leases
The Executory Contracts shown on Exhibit ___ shall be rejected by the Debtor.
Further, the Debtor will be conclusively deemed to have rejected all executory contracts and/or unexpired leases not expressly shown on Exhibit ____, or not assumed before the date of the order confirming the Plan.
Rejection means that the Debtor has elected not to continue to perform the obligations under such contracts or leases. If the Debtor has elected to reject a contract or lease, the other party to the contract or lease will be treated as an unsecured Creditor holding a Claim that arose before the bankruptcy was filed.

**2.5    Means for Implementation of the Plan**
Upon Confirmation of the Plan, the Debtor shall make direct payments to all the secured, priority and general unsecured creditors per the provisions above, unless otherwise noted, from its income and any contributions from the Debtor's principal. Debtor believes the market for its services continues to stabilize following lifting of the restrictions from the COVID-19 pandemic.

Upon Confirmation of the Plan, all property of the Debtor, tangible and intangible, including, without limitation, licenses, furniture, fixtures and equipment, will revert, free and clear of all Claims and Equitable Interests except as provided in the Plan, to the Debtor. The Debtor expects to have sufficient cash on hand to make the payments required on the Effective Date.

Pursuant to 11 U.S.C. § 1192(c)(2)(A), all of the projected disposable income of the Debtor to be received in the 3-year period, or such longer period not to exceed five (5) years as the Court may fix, beginning on the date that the first payment is due under the Plan will be applied to make payments under the Plan.

**2.6    Disbursing Agent**
Distributions to Creditors provided for in this Plan will be made by the Debtor, directly.

## 2.7 Post-Confirmation Management

The Post-Confirmation Officers/Management of the Debtor, and their compensation, shall be as follows:

| Name | Position | Compensation |
|------|----------|--------------|
| David Brian Miller | Debtor | Debtor is an individual person and operates his businesses accordingly. |

## 2.8 Tax Consequences of the Plan

**Creditors and Equity Interest Holders Concerned with How the Plan May Affect Their Tax Liability Should Consult with Their Own Accountants, Attorneys, and/or Advisors.**

The following are the anticipated tax consequences of the Plan: There should be no tax consequences to the Debtor.

## 2.9 Projections in Support of Debtor's Ability to Make Payments Under the Proposed Plan

Debtor has provided projected financial information. Those projections are listed in **Exhibit E**.

# ARTICLE 3

## FEASIBILITY OF PLAN

The Bankruptcy Court must find that confirmation of the Plan is not likely to be followed by the liquidation, or the need for further financial reorganization, of the Debtor or any successor to the Debtor, unless such liquidation or reorganization is proposed in the Plan.

## 3.1 Ability to Initially Fund Plan

The Plan Proponent believes that the Debtor will have enough cash on hand on the Effective Date of the Plan to pay all the Claims and expenses that are entitled to be paid on that date.

## 3.2 Ability to Make Future Plan Payments and Operation Without Further Reorganization

The Plan Proponent must also show that it will have enough cash over the life of the Plan to make the required Plan payments.

The Plan Proponent has provided projected financial information. Those projections are listed in **Exhibit E.**

The Plan Proponent's financial projections show that the Debtor will have an aggregate annual average cash flow, after paying operating expenses and post-confirmation taxes (and proposed Chapter 11 plan payments) of $5512.80 in year 1, $7512 in year 2, $3012.84 in years 3 and 4, and $4602.84 in year 5. . The final Plan payment is expected to be paid in **January 2029.**

**You Should Consult with Your Accountant or other Financial Advisor If You Have Any Questions Pertaining to These Projections.**

# ARTICLE 4

## LIQUIDATION ANALYSIS

To confirm the Plan, the Bankruptcy Court must find that all Creditors and Equity Interest holders who do not accept the Plan will receive at least as much under the Plan as such Claimants and Equity Interest holders would receive a in Chapter 7 liquidation. A liquidation analysis is attached hereto as **Exhibit F.**

# ARTICLE 5

## DISCHARGE

On the Confirmation Date of this Plan, the Debtor will be discharged from any debt that arose before confirmation of the Plan, subject to the occurrence of the Effective Date, to the extent specified in § 1141(d)(1)(A) of the Code. The Debtor will not be discharged from any debt imposed by this Plan.

# ARTICLE 6
## GENERAL PROVISIONS

### 6.1    Title to Assets

Except as otherwise provided in the Plan or in the order confirming the Plan,

    (i)     confirmation of the Plan vests all of the property of the estate in the Debtor, and

    (ii)    after confirmation of the Plan, the property dealt with by the Plan is free and clear of all Claims and Equity Interests of Creditors, equity security holders, and of general partners in the Debtor.

### 6.2    Binding Effect

If the Plan is confirmed, the provisions of the Plan will bind the Debtor and all Creditors, whether or not they accept the Plan. The rights and obligations of any entity named or referred to in this Plan will be binding upon and will inure to the benefit of the successors or assigns of such entity.

### 6.3    Severability

If any provision in this Plan is determined to be unenforceable, the determination will in no way limit or affect the enforceability and operative effect of any other provision of this Plan.

### 6.4    Retention of Jurisdiction by the Bankruptcy Court

The Bankruptcy Court shall retain jurisdiction of this case with regard to the following matters:

(i)     To make such orders as are necessary or appropriate to implement the provisions of the Plan and to resolve any disputes arising from implementation of the Plan;

(ii)     To rule on any modification of the Plan proposed under Section 1127;

(iii)     To hear and allow all applications for compensation to professionals and other Administrative Expenses;

(iv)     To resolve all issues regarding Claims objections, and issues arising from the assumption/rejection of executory contracts or unexpired leases; and

(v)     To adjudicate any cause of action which may exist in favor of the Debtor, including preference and fraudulent transfer causes of action.

### 6.5    Captions

The headings contained in the Plan are for convenience of reference only and do not affect the meaning or interpretation of this Plan.

### 6.6    Confirmation of Plan

The Debtor is an individual. The confirmation of the Plan is treated in 11 U.S.C. § 1191 with the Discharge treated pursuant to 11 U.S.C. § 1192.

### 6.7    Modification of Plan

The Plan Proponent may modify the Plan at any time before confirmation of the Plan. However, the Court may require re-voting on the Plan.

The Plan Proponent may also seek to modify the Plan at any time after confirmation only if:

(i)     The Plan has not been substantially consummated and

(ii)     The Bankruptcy Court authorizes the proposed modifications after notice and a hearing.

### 6.8    Creditor Remedies in Event of Default under Plan

A default under this Plan is defined as a failure to pay two or more consecutive payments under this plan or failure to pay any single payment for 90 days or more from a due date. Any Creditor whose payment is in default may file a Notice of Default with this Court and provide written notice care of Debtor's counsel via e-mail or United States mail, first class. If such default is not cured within 30 days of the Notice of Default, the Creditor may elect to assert a restoration of security interests at contract amounts still owed, and the right of the Creditor to seek liquidation of non-exempt assets.

### 6.9    Final Decree

Once the estate has been fully administered, as provided in Rule 3022 of the Federal Rules of Bankruptcy Procedure, the Plan Proponent or such other party as the Bankruptcy Court shall designate in the Plan Confirmation Order, shall file a motion with the Bankruptcy Court to obtain a final decree to close the case. Alternatively, the Bankruptcy Court may enter such a final decree on its own motion.

Dated: November 20, 2023        Respectfully submitted,

/s/ David Brian Miller

David Brian Miller, Debtor

Dated: November 20, 2023

Respectfully submitted,
WM Law

/s/ Ryan A. Blay
Ryan A. Blay, MO #KS001066; KS #28110
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
blay@wagonergroup.com
ATTORNEY FOR DEBTOR(S)

## EXHIBIT A

**ASSETS: Schedules A/B**

Fill in this information to identify your case:

| Debtor 1 | **David Brian Miller** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 (Spouse if, filing) | | | |
| | First Name | Middle Name | Last Name |

United States Bankruptcy Court for the: DISTRICT OF KANSAS

Case number (if known): 23-20725

■ Check if this is an amended filing

# Official Form 106Sum

## Summary of Your Assets and Liabilities and Certain Statistical Information            12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. Fill out all of your schedules first; then complete the information on this form. If you are filing amended schedules after you file your original forms, you must fill out a new *Summary* and check the box at the top of this page.

### Part 1:    Summarize Your Assets

| | **Your assets** Value of what you own |
|---|---|
| 1. **Schedule A/B: Property** (Official Form 106A/B) 1a. Copy line 55, Total real estate, from Schedule A/B........................................................ | $ 0.00 |
| 1b. Copy line 62, Total personal property, from Schedule A/B.............................................. | $ 123,705.00 |
| 1c. Copy line 63, Total of all property on Schedule A/B....................................................... | $ 123,705.00 |

### Part 2:    Summarize Your Liabilities

| | **Your liabilities** Amount you owe |
|---|---|
| 2. *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 106D) 2a. Copy the total you listed in Column A, *Amount of claim,* at the bottom of the last page of Part 1 of *Schedule D...* | $ 81,099.00 |
| 3. *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 106E/F) 3a. Copy the total claims from Part 1 (priority unsecured claims) from line 6e of *Schedule E/F*.............................. | $ 0.00 |
| 3b. Copy the total claims from Part 2 (nonpriority unsecured claims) from line 6j of *Schedule E/F*............................ | $ 572,870.00 |
| **Your total liabilities** | $ 653,969.00 |

### Part 3:    Summarize Your Income and Expenses

| | |
|---|---|
| 4. *Schedule I: Your Income* (Official Form 106I) Copy your combined monthly income from line 12 of *Schedule I*.................................................... | $ 4,999.36 |
| 5. *Schedule J: Your Expenses* (Official Form 106J) Copy your monthly expenses from line 22c of *Schedule J*..................................................... | $ 3,567.00 |

### Part 4:    Answer These Questions for Administrative and Statistical Records

6. **Are you filing for bankruptcy under Chapters 7, 11, or 13?**

   ☐ No. You have nothing to report on this part of the form. Check this box and submit this form to the court with your other schedules.

   ■ Yes

7. **What kind of debt do you have?**

   ☐ Your debts are primarily consumer debts. *Consumer debts* are those "incurred by an individual primarily for a personal, family, or household purpose." 11 U.S.C. § 101(8). Fill out lines 8-9g for statistical purposes. 28 U.S.C. § 159.

   ■ Your debts are not primarily consumer debts. You have nothing to report on this part of the form. *Check this box* and submit this form to the court with your other schedules.

Software Copyright (c) 1996-2023 Best Case, LLC - www.bestcase.com

8. **From the** *Statement of Your Current Monthly Income:* Copy your total current monthly income from Official Form 122A-1 Line 11; **OR**, Form 122B Line 11; **OR**, Form 122C-1 Line 14.

$ _____

9. Copy the following special categories of claims from Part 4, line 6 of *Schedule E/F:*

| From Part 4 on *Schedule E/F*, copy the following: | Total claim |
|---|---|
| 9a. Domestic support obligations (Copy line 6a.) | $ _____ |
| 9b. Taxes and certain other debts you owe the government. (Copy line 6b.) | $ _____ |
| 9c. Claims for death or personal injury while you were intoxicated. (Copy line 6c.) | $ _____ |
| 9d. Student loans. (Copy line 6f.) | $ _____ |
| 9e. Obligations arising out of a separation agreement or divorce that you did not report as priority claims. (Copy line 6g.) | $ _____ |
| 9f. Debts to pension or profit-sharing plans, and other similar debts. (Copy line 6h.) | +$ _____ |
| 9g. **Total.** Add lines 9a through 9f. | $ _____ |

Debtor 1    **David Brian Miller**

| First Name | Middle Name | Last Name |

Debtor 2
(Spouse, if filing)

| First Name | Middle Name | Last Name |

United States Bankruptcy Court for the:    DISTRICT OF KANSAS

Case number    **23-20725**

☑ Check if this is an amended filing

## Official Form 106A/B
# Schedule A/B: Property
**12/15**

In each category, separately list and describe items. List an asset only once. If an asset fits in more than one category, list the asset in the category where you think it fits best. Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write your name and case number (if known). Answer every question.

**Part 1:**    Describe Each Residence, Building, Land, or Other Real Estate You Own or Have an Interest In

1. **Do you own or have any legal or equitable interest in any residence, building, land, or similar property?**

   ☑ No. Go to Part 2.

   ☐ Yes. Where is the property?

**Part 2:**    Describe Your Vehicles

**Do you own, lease, or have legal or equitable interest in any vehicles, whether they are registered or not?** Include any vehicles you own that someone else drives. If you lease a vehicle, also report it on *Schedule G: Executory Contracts and Unexpired Leases.*

3. **Cars, vans, trucks, tractors, sport utility vehicles, motorcycles**

   ☐ No

   ☑ Yes

| 3.1 | Make: **Ford** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|
| | Model: **F-250 Crew Cab** | ☑ Debtor 1 only | | |
| | Year: **2019** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **75.000** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | | |
| | **VIN 1FT7W2BT3KEE03217** | ☐ Check if this is community property (see instructions) | **$30,000.00** | **$30,000.00** |

| 3.2 | Make: **Nissan** | Who has an interest in the property? Check one | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|
| | Model: **Murano** | ☑ Debtor 1 only | | |
| | Year: **2021** | ☐ Debtor 2 only | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Approximate mileage: **38,000** | ☐ Debtor 1 and Debtor 2 only | | |
| | Other information: | ☐ At least one of the debtors and another | | |
| | **VIN 5N1AZ2DJ8MC111422, vehicle has a salvage title** | ☐ Check if this is community property (see instructions) | **$20,000.00** | **$20,000.00** |

| 3.3 | Make: | **Forest River** | Who has an interest in the property? Check one | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|---|---|
| | Model: | **Impression 5th Wheel** | ■ Debtor 1 only | | | |
| | Year: | **2019** | ☐ Debtor 2 only | | | |
| | Approximate mileage: | n/a | ☐ Debtor 1 and Debtor 2 only | | **Current value of the entire property?** | **Current value of the portion you own?** |
| | Other information: | | ☐ At least one of the debtors and another | | | |
| | **VIN 5ZT3MPTBOKG600548** | | ☐ Check if this is community property (see instructions) | | $25,000.00 | $25,000.00 |

**4. Watercraft, aircraft, motor homes, ATVs and other recreational vehicles, other vehicles, and accessories**
*Examples:* Boats, trailers, motors, personal watercraft, fishing vessels, snowmobiles, motorcycle accessories

☐ No
■ Yes

| 4.1 | Make: | **Bentley** | Who has an interest in the property? Check one | | Do not deduct secured claims or exemptions. Put the amount of any secured claims on *Schedule D: Creditors Who Have Claims Secured by Property.* | |
|---|---|---|---|---|---|---|
| | Model: | **243 Cruise** | ■ Debtor 1 only | | | |
| | Year: | **2017** | ☐ Debtor 2 only | | | |
| | Other information: | | ☐ Debtor 1 and Debtor 2 only | | **Current value of the entire property?** | **Current value of the portion you own?** |
| | **has 2017 Suzuki Motor** | | ☐ At least one of the debtors and another | | | |
| | | | ☐ Check if this is community property (see instructions) | | $30,000.00 | $30,000.00 |

**5** Add the dollar value of the portion you own for all of your entries from Part 2, including any entries for pages you have attached for Part 2. Write that number here..................................................................=>   | **$105,000.00** |

**Part 3:    Describe Your Personal and  Household Items**

| Do you own or have any legal or equitable interest in any of the following items? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**6. Household goods and furnishings**
*Examples:* Major appliances, furniture, linens, china, kitchenware
☐ No
■ Yes.  Describe.....

| used household goods, nothing over $500 in value | $5,000.00 |

**7. Electronics**
*Examples:* Televisions and radios; audio, video, stereo, and digital equipment; computers, printers, scanners; music collections; electronic devices including cell phones, cameras, media players, games
☐ No
■ Yes.  Describe.....

| cell phone, 2 TVs | $500.00 |

**8. Collectibles of value**
*Examples:* Antiques and figurines; paintings, prints, or other artwork; books, pictures, or other art objects; stamp, coin, or baseball card collections; other collections, memorabilia, collectibles
■ No
☐ Yes.  Describe.....

**9. Equipment for sports and hobbies**
*Examples:* Sports, photographic, exercise, and other hobby equipment; bicycles, pool tables, golf clubs, skis; canoes and kayaks; carpentry tools; musical instruments
■ No
☐ Yes.  Describe.....

**10. Firearms**
   *Examples:* Pistols, rifles, shotguns, ammunition, and related equipment
   ☐ No
   ■ Yes. Describe.....

| | |
|---|---|
| 2 9 mm sig handguns<br>12 gauge Mosberg pump shotgun<br>Smith & Wesson M&P .22 rifle<br>.22 Sig handgun | $1,000.00 |

**11. Clothes**
   *Examples:* Everyday clothes, furs, leather coats, designer wear, shoes, accessories
   ☐ No
   ■ Yes. Describe.....

| | |
|---|---|
| used clothing | $1,000.00 |

**12. Jewelry**
   *Examples:* Everyday jewelry, costume jewelry, engagement rings, wedding rings, heirloom jewelry, watches, gems, gold, silver
   ■ No
   ☐ Yes. Describe.....

**13. Non-farm animals**
   *Examples:* Dogs, cats, birds, horses
   ☐ No
   ■ Yes. Describe.....

| | |
|---|---|
| 2 dogs | $0.00 |

**14. Any other personal and household items you did not already list, including any health aids you did not list**
   ■ No
   ☐ Yes. Give specific information.....

**15. Add the dollar value of all of your entries from Part 3, including any entries for pages you have attached for Part 3. Write that number here** ........................................................................

| |
|---|
| $7,500.00 |

**Part 4:   Describe Your Financial Assets**

| Do you own or have any legal or equitable interest in any of the following? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**16. Cash**
   *Examples:* Money you have in your wallet, in your home, in a safe deposit box, and on hand when you file your petition
   ■ No
   ☐ Yes...................................................................................................................

**17. Deposits of money**
   *Examples:* Checking, savings, or other financial accounts; certificates of deposit; shares in credit unions, brokerage houses, and other similar institutions. If you have multiple accounts with the same institution, list each.
   ☐ No
   ■ Yes........................

   Institution name:

| | | | |
|---|---|---|---|
| 17.1. | Chiefs Checking ending in 5701 | CommunityAmerica Credit Union | $1,200.00 |

Case 23-20725    Doc# 75    Filed 11/20/23    Page 23 of 52

| 17.2. | Savings | CommunityAmerica Credit Union | $5.00 |
| 17.3. | online wallet | Venmo - some tenants of Premier Properties pay through Venmo and funds are then transferred into the account of Premier | $0.00 |
| 17.4. | online wallet | Paypal - tenants of Premier Properties occasionally pay through Paypal at which time money would be remitted to Premier Properties bank account | $0.00 |

18. **Bonds, mutual funds, or publicly traded stocks**
    *Examples:* Bond funds, investment accounts with brokerage firms, money market accounts
    ■ No
    ☐ Yes.................        Institution or issuer name:

19. **Non-publicly traded stock and interests in incorporated and unincorporated businesses, including an interest in an LLC, partnership, and joint venture**
    ☐ No
    ■ Yes.  Give specific information about them...................

|  | Name of entity: | % of ownership: | |
|---|---|---|---|
|  | **Royal Seamless Gutter, Inc. a Kansas for profit corporation**<br>**Debtor owns 95% with remaining 5% held by the business itself after purchase from former partner**<br><br>**Royal Seamless owns 6 trucks, all with liens inventory - approximately $40,000**<br><br>**Liabilities include the liens on the trucks as well as a $650,000 obligation secured by equity in real estate owned by Premier Properties LLC and a UCC filing on all assets of the company**<br><br>**The company appears to be insolvent** | 95%    % | $0.00 |

Premier Properties, LLC, a Kansas Limited
Liability Company

Premier owns a 10-plex located in Pleasant Hill,
MO

Value of assets
Real estate - difficult to sell under current
conditions but believed to be worth in excess of
$2 million

Liabilities
$1.4 million first mortgage granted to Bank 21
$650,000 owed by Royal Seamless secured by a
second mortgage on the 10-plex
$12,000 back property taxes
Litigation from Highland Park Investments,
pending

liabilities appear to exceed assets

Business is exploring its own Chapter 11
options

99.5%
owned
(remaining
.5% owned
by DALP
Investments
, Inc.)    %                        $0.00

Dalp Investments, Inc., a Kansas For Profit
Corporation

DALP is a single asset real estate company
owning one property in Kansas City, MO
The property is worth approximately $75,000
with a lien of $60,000

It is facing litigation from Highand Park
Investments, Inc.  and the purchaser of the real
estate on land contract is in default.

100%    %                        $0.00

20. **Government and corporate bonds and other negotiable and non-negotiable instruments**
*Negotiable instruments* include personal checks, cashiers' checks, promissory notes, and money orders.
*Non-negotiable instruments* are those you cannot transfer to someone by signing or delivering them.
■ No
☐ Yes. Give specific information about them
Issuer name:

21. **Retirement or pension accounts**
*Examples:* Interests in IRA, ERISA, Keogh, 401(k), 403(b), thrift savings accounts, or other pension or profit-sharing plans
■ No
☐ Yes. List each account separately.
Type of account:              Institution name:

22. **Security deposits and prepayments**
Your share of all unused deposits you have made so that you may continue service or use from a company
*Examples:* Agreements with landlords, prepaid rent, public utilities (electric, gas, water), telecommunications companies, or others
■ No
☐ Yes. ....................              Institution name or individual:

23. **Annuities** (A contract for a periodic payment of money to you, either for life or for a number of years)
■ No
☐ Yes............    Issuer name and description.

24. **Interests in an education IRA, in an account in a qualified ABLE program, or under a qualified state tuition program.**
26 U.S.C. §§ 530(b)(1), 529A(b), and 529(b)(1).

■ No
☐ Yes............   Institution name and description. Separately file the records of any interests.11 U.S.C. § 521(c):

**25. Trusts, equitable or future interests in property (other than anything listed in line 1), and rights or powers exercisable for your benefit**
■ No
☐ Yes.  Give specific information about them...

**26. Patents, copyrights, trademarks, trade secrets, and other intellectual property**
   *Examples:* Internet domain names, websites, proceeds from royalties and licensing agreements
■ No
☐ Yes.  Give specific information about them...

**27. Licenses, franchises, and other general intangibles**
   *Examples:* Building permits, exclusive licenses, cooperative association holdings, liquor licenses, professional licenses
■ No
☐ Yes.  Give specific information about them...

| Money or property owed to you? | Current value of the portion you own? Do not deduct secured claims or exemptions. |
|---|---|

**28. Tax refunds owed to you**
☐ No
■ Yes. Give specific information about them, including whether you already filed the returns and the tax years.......

| net loss carry forward available.  Debtor will first apply to 2022 tax returns when filed | State & Federal | Unknown |
|---|---|---|

**29. Family support**
   *Examples:* Past due or lump sum alimony, spousal support, child support, maintenance, divorce settlement, property settlement
■ No
☐ Yes. Give specific information......

**30. Other amounts someone owes you**
   *Examples:* Unpaid wages, disability insurance payments, disability benefits, sick pay, vacation pay,  workers' compensation, Social Security benefits; unpaid loans you made to someone else
■ No
☐ Yes.  Give specific information..

**31. Interests in insurance policies**
   *Examples:* Health, disability, or life insurance; health savings account (HSA); credit, homeowner's, or renter's insurance
☐ No
■ Yes. Name the insurance company of each policy and list its value.

| Company name: | Beneficiary: | Surrender or refund value: |
|---|---|---|
| **AAA insurance, term life policy** | **cousin Mike Miller** | $0.00 |

**32. Any interest in property that is due you from someone who has died**
   If you are the beneficiary of a living trust, expect proceeds from a life insurance policy, or are currently entitled to receive property because someone has died.
■ No
☐ Yes.  Give specific information..

**33. Claims against third parties, whether or not you have filed a lawsuit or made a demand for payment**
   *Examples:* Accidents, employment disputes, insurance claims, or rights to sue
■ No
☐ Yes.  Describe each claim.........

Official Form 106A/B                      Schedule A/B: Property                                    page 6

34. **Other contingent and unliquidated claims of every nature, including counterclaims of the debtor and rights to set off claims**
    - ☑ No
    - ☐ Yes.  Describe each claim.........

35. **Any financial assets you did not already list**
    - ☐ No
    - ☑ Yes.  Give specific information..

| | |
|---|---|
| equitable interest in property at 13124 Meadow Lane, Leawood KS 66209-1941 based on contract for deed. Contract for deed vendor/property owner has asserted that contract for deed has been terminated, debtor disputes. There is ample equity in the real estate above and beyond the balance on the contract for deed, although debtor asserts defenses to a motion for relief from stay and believes that the owner is not entitled to further payments as a result of waiver or other related defenses. | Unknown |

36. **Add the dollar value of all of your entries from Part 4, including any entries for pages you have attached for Part 4. Write that number here**.................................................................................................   **$1,205.00**

**Part 5:**    Describe Any Business-Related Property You Own or Have an Interest In. List any real estate in Part 1.

37. **Do you own or have any legal or equitable interest in any business-related property?**
    - ☐ No. Go to Part 6.
    - ☑ Yes.  Go to line 38.

Current value of the portion you own? Do not deduct secured claims or exemptions.

38. **Accounts receivable or commissions you already earned**
    - ☑ No
    - ☐ Yes.  Describe.....

39. **Office equipment, furnishings, and supplies**
    *Examples:* Business-related computers, software, modems, printers, copiers, fax machines, rugs, telephones, desks, chairs, electronic devices
    - ☑ No
    - ☐ Yes.  Describe.....

40. **Machinery, fixtures, equipment, supplies you use in business, and tools of your trade**
    - ☐ No
    - ☑ Yes.  Describe.....

| | |
|---|---|
| East Texas dump trailer - used in the name of Royal Seamless but titled in name of debtor (paid for by Royal Seamless) Vehicle is being purchased on a sort of rent-to-own program | $10,000.00 |

41. **Inventory**
    - ☑ No
    - ☐ Yes.  Describe.....

42. **Interests in partnerships or joint ventures**
    - ☑ No
    - ☐ Yes.  Give specific information about them...................

Official Form 106A/B                            Schedule A/B: Property                              page 7

Name of entity:                     % of ownership:

**43. Customer lists, mailing lists, or other compilations**

■ No.

☐ Do your lists include personally identifiable information (as defined in 11 U.S.C. § 101(41A))?

      ■ No

      ☐ Yes. Describe.....

**44. Any business-related property you did not already list**

■ No

☐ Yes. Give specific information.........

**45. Add the dollar value of all of your entries from Part 5, including any entries for pages you have attached for Part 5. Write that number here**..................................................................................................... | **$10,000.00**

| Part 6: | **Describe Any Farm- and Commercial Fishing-Related Property You Own or Have an Interest In.** |
|---|---|
| | If you own or have an interest in farmland, list it in Part 1. |

**46. Do you own or have any legal or equitable interest in any farm- or commercial fishing-related property?**

■ No. Go to Part 7.

☐ Yes. Go to line 47.

| Part 7: | **Describe All Property You Own or Have an Interest In That You Did Not List Above** |
|---|---|

**53. Do you have other property of any kind you did not already list?**
*Examples:* Season tickets, country club membership

■ No

☐ Yes. Give specific information.........

**54. Add the dollar value of all of your entries from Part 7. Write that number here** ..................................... | **$0.00**

| Part 8: | **List the Totals of Each Part of this Form** |
|---|---|

| | | |
|---|---|---|
| **55.** Part 1: Total real estate, line 2 ............................................................................................ | | **$0.00** |
| **56.** Part 2: Total vehicles, line 5 | **$105,000.00** | |
| **57.** Part 3: Total personal and household items, line 15 | **$7,500.00** | |
| **58.** Part 4: Total financial assets, line 36 | **$1,205.00** | |
| **59.** Part 5: Total business-related property, line 45 | **$10,000.00** | |
| **60.** Part 6: Total farm- and fishing-related property, line 52 | **$0.00** | |
| **61.** Part 7: Total other property not listed, line 54 + | **$0.00** | |
| **62.** **Total personal property.** Add lines 56 through 61... | **$123,705.00** | Copy personal property total     **$123,705.00** |
| **63.** **Total of all property on Schedule A/B.** Add line 55 + line 62 | | **$123,705.00** |

| Fill in this information to identify your case: |

**Debtor 1**   **David Brian Miller**

First Name          Middle Name          Last Name

**Debtor 2**

(Spouse if, filing)   First Name          Middle Name          Last Name

United States Bankruptcy Court for the:   DISTRICT OF KANSAS

Case number   **23-20725**
(if known)

■ Check if this is an
amended filing

Official Form 106Dec

# Declaration About an Individual Debtor's Schedules

12/15

If two married people are filing together, both are equally responsible for supplying correct information.

You must file this form whenever you file bankruptcy schedules or amended schedules. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $250,000, or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

## Sign Below

Did you pay or agree to pay someone who is NOT an attorney to help you fill out bankruptcy forms?

■ No

☐ Yes. Name of person _____   Attach *Bankruptcy Petition Preparer's Notice, Declaration, and Signature* (Official Form 119)

Under penalty of perjury, I declare that I have read the summary and schedules filed with this declaration and that they are true and correct.

X  **/s/ David Brian Miller**                           X _____

**David Brian Miller**                                   Signature of Debtor 2
Signature of Debtor 1

Date  **August 17, 2023**                               Date _____

Official Form 106Dec                  Declaration About an Individual Debtor's Schedules

## EXHIBIT B

## MONTHLY OPERATING REPORTS FILED WITH THE COURT

**See August and September Monthly Operating Reports attached**

**September 2023 report is in preparation**

**October 2023 report is due in November 2023 and will be filed after this Plan has been submitted.**

| Fill in this information to identify the case: |
|---|
| Debtor Name David Brian Miller |
| United States Bankruptcy Court for the: District of Kansas |
| Case number: 23-20725 |

☐ Check if this is an
amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11        12/17

Month:        August 2023                         Date report filed: 10/11/2023
                                                                      MM / DD / YYYY
Line of business: real estate/gutters              NAISC code:        0000

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury
that I have examined the following small business monthly operating report and the accompanying
attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                    David B. Miller

Original signature of responsible party    _David Miller (Oct 11, 2023 09:32 CDT)_

Printed name of responsible party     David B. Miller

## ■ 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

|  |  | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A*.** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B*.** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

17. Have you paid any bills you owed before you filed bankruptcy?   ☐ ☑ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?   ☐ ☑ ☐

## 2. Summary of Cash Activity for All Accounts

**19. Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 301.78

**20. Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.

$ 10,479.47

**21. Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.

− $ 9,372.48

**22. Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ 1,106.99

**23. Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

= $ 1,408.77

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

**24. Total payables**

$ 0.00

*(Exhibit E)*

### 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                             $ _____0.00_____

    *(Exhibit F)*

### 5. Employees

26. What was the number of employees when the case was filed?                          _____0_____

27. What is the number of employees as of the date of this monthly report?             _____0_____

### 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?                  $ _____0.00_____

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?    $ _____0.00_____

30. How much have you paid this month in other professional fees?                                            $ _____0.00_____

31. How much have you paid in total other professional fees since filing the case?                           $ _____0.00_____

### 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

|  | Column A<br>**Projected**<br><br>Copy lines 35-37 from the previous month's report. | — | Column B<br>**Actual**<br><br>Copy lines 20-22 of this report. | = | Column C<br>**Difference**<br><br>Subtract Column B from Column A. |
|---|---|---|---|---|---|
| 32. **Cash receipts** | $ 10,000.00 | — | $ 10,479.47 | = | $ 479.47 |
| 33. **Cash disbursements** | $ 9,000.00 | — | $ 9,372.48 | = | $ -372.48 |
| 34. **Net cash flow** | $ 1,000.00 | — | $ 1,408.77 | = | $ 408.77 |

35. Total projected cash receipts for the next month:                      $ 10,000.00

36. Total projected cash disbursements for the next month:               – $ 9,500.00

37. Total projected net cash flow for the next month:                    = $ 500.00

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑  38.  Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐  39.  Bank reconciliation reports for each account.

☐  40.  Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐  41.  Budget, projection, or forecast reports.

☐  42.  Project, job costing, or work-in-progress reports.

Fill in this information to identify the case:

Debtor Name __David Brian Miller__

United States Bankruptcy Court for the: District of Kansas

Case number: __23-20725__

☐ Check if this is an
amended filing

## Official Form 425C

## Monthly Operating Report for Small Business Under Chapter 11          12/17

| | | |
|---|---|---|
| Month: | __August 2023__ | Date report filed: __10/11/2023__ MM / DD / YYYY |
| Line of business: | __real estate/gutters__ | NAISC code: __0000__ |

**In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.**

Responsible party:                    David B. Miller

Original signature of responsible party     _David Miller (Oct 11, 2023 09:57 CDT)_

Printed name of responsible party        David B. Miller

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

17. Have you paid any bills you owed before you filed bankruptcy?    ☐   ☑   ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy?    ☐   ☑   ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.

$ 301.78

20. **Total cash receipts**

Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

Report the total from *Exhibit C* here.    $ 10,479.47

21. **Total cash disbursements**

Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

Report the total from *Exhibit D* here.    − $ 9,372.48

22. **Net cash flow**

Subtract line 21 from line 20 and report the result here.
This amount may be different from what you may have calculated as *net profit*.

+ $ 1,106.99

23. **Cash on hand at the end of the month**

Add line 22 + line 19. Report the result here.

Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

= $ 1,408.77

This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**    $ 0.00

     *(Exhibit E)*

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy. Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**      $ _____0.00_

    *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed? _____0_

27. What is the number of employees as of the date of this monthly report? _____0_

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?    $ _____0.00_

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?    $ _____0.00_

30. How much have you paid this month in other professional fees?    $ _____0.00_

31. How much have you paid in total other professional fees since filing the case?    $ _____0.00_

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A **Projected** Copy lines 35-37 from the previous month's report. | − | Column B **Actual** Copy lines 20-22 of this report. | = | Column C **Difference** Subtract Column B from Column A. |
|---|---|---|---|---|---|
| 32. **Cash receipts** | $ 10,000.00 | − | $ 10,479.47 | = | $ 479.47 |
| 33. **Cash disbursements** | $ 9,000.00 | − | $ 9,372.48 | = | $ -372.48 |
| 34. **Net cash flow** | $ 1,000.00 | − | $ 1,408.77 | = | $ 408.77 |

35. Total projected cash receipts for the next month:    $ 10,000.00

36. Total projected cash disbursements for the next month:    − $ 9,500.00

37. Total projected net cash flow for the next month:    = $ 500.00

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑ 38. Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐ 39. Bank reconciliation reports for each account.

☐ 40. Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐ 41. Budget, projection, or forecast reports.

☐ 42. Project, job costing, or work-in-progress reports.

# Draft MOR August 2023

**Final Audit Report**

2023-10-11

| | |
|---|---|
| Created: | 2023-10-11 |
| By: | Ryan Blay WM Law (blay@wagonergroup.com) |
| Status: | Signed |
| Transaction ID: | CBJCHBCAABAAeX4Ox1-sViennLXKNTckna2RIgHGt50e |

## "Draft MOR August 2023" History

🗂 Document created by Ryan Blay WM Law (blay@wagonergroup.com)
   2023-10-11 - 2:32:01 PM GMT

✉ Document emailed to kcreinvestor@yahoo.com for signature
   2023-10-11 - 2:33:26 PM GMT

🗂 Email viewed by kcreinvestor@yahoo.com
   2023-10-11 - 2:36:21 PM GMT

✍ Signer kcreinvestor@yahoo.com entered name at signing as David Miller
   2023-10-11 - 2:37:27 PM GMT

✍ Document e-signed by David Miller (kcreinvestor@yahoo.com)
   Signature Date: 2023-10-11 - 2:37:29 PM GMT - Time Source: server

✔ Agreement completed.
   2023-10-11 - 2:37:29 PM GMT

**Adobe Acrobat Sign**

**Fill in this information to identify the case:**

Debtor Name David Brian Miller

United States Bankruptcy Court for the: District of Kansas

Case number: 23-20725

☐ Check if this is an amended filing

**Official Form 425C**

# Monthly Operating Report for Small Business Under Chapter 11

12/17

| | |
|---|---|
| Month: September 2023 | Date report filed: 10/11/2023 |
| | MM / DD / YYYY |
| Line of business: real estate/gutters | NAISC code: 0000 |

In accordance with title 28, section 1746, of the United States Code, I declare under penalty of perjury that I have examined the following small business monthly operating report and the accompanying attachments and, to the best of my knowledge, these documents are true, correct, and complete.

Responsible party:                                       David B. Miller

Original signature of responsible party              _David Miller (Oct 11, 2021 09:46 CDT)_

Printed name of responsible party                   David B. Miller

## 1. Questionnaire

Answer all questions on behalf of the debtor for the period covered by this report, unless otherwise indicated.

| | | Yes | No | N/A |
|---|---|:---:|:---:|:---:|
| | **If you answer *No* to any of the questions in lines 1-9, attach an explanation and label it *Exhibit A.*** | | | |
| 1. | Did the business operate during the entire reporting period? | ☑ | ☐ | ☐ |
| 2. | Do you plan to continue to operate the business next month? | ☑ | ☐ | ☐ |
| 3. | Have you paid all of your bills on time? | ☑ | ☐ | ☐ |
| 4. | Did you pay your employees on time? | ☑ | ☐ | ☐ |
| 5. | Have you deposited all the receipts for your business into debtor in possession (DIP) accounts? | ☑ | ☐ | ☐ |
| 6. | Have you timely filed your tax returns and paid all of your taxes? | ☑ | ☐ | ☐ |
| 7. | Have you timely filed all other required government filings? | ☑ | ☐ | ☐ |
| 8. | Are you current on your quarterly fee payments to the U.S. Trustee or Bankruptcy Administrator? | ☐ | ☐ | ☑ |
| 9. | Have you timely paid all of your insurance premiums? | ☑ | ☐ | ☐ |
| | **If you answer *Yes* to any of the questions in lines 10-18, attach an explanation and label it *Exhibit B.*** | | | |
| 10. | Do you have any bank accounts open other than the DIP accounts? | ☐ | ☑ | ☐ |
| 11. | Have you sold any assets other than inventory? | ☐ | ☑ | ☐ |
| 12. | Have you sold or transferred any assets or provided services to anyone related to the DIP in any way? | ☐ | ☑ | ☐ |
| 13. | Did any insurance company cancel your policy? | ☐ | ☑ | ☐ |
| 14. | Did you have any unusual or significant unanticipated expenses? | ☐ | ☑ | ☐ |
| 15. | Have you borrowed money from anyone or has anyone made any payments on your behalf? | ☐ | ☑ | ☐ |
| 16. | Has anyone made an investment in your business? | ☐ | ☑ | ☐ |

17. Have you paid any bills you owed before you filed bankruptcy? ☐ ☑ ☐

18. Have you allowed any checks to clear the bank that were issued before you filed bankruptcy? ☐ ☑ ☐

## 2. Summary of Cash Activity for All Accounts

19. **Total opening balance of all accounts**

    This amount must equal what you reported as the cash on hand at the end of the month in the previous month. If this is your first report, report the total cash on hand as of the date of the filing of this case.    $ _977.16_

20. **Total cash receipts**

    Attach a listing of all cash received for the month and label it *Exhibit C*. Include all cash received even if you have not deposited it at the bank, collections on receivables, credit card deposits, cash received from other parties, or loans, gifts, or payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit C*.

    Report the total from *Exhibit C* here.    $ _11350.14_

21. **Total cash disbursements**

    Attach a listing of all payments you made in the month and label it *Exhibit D*. List the date paid, payee, purpose, and amount. Include all cash payments, debit card transactions, checks issued even if they have not cleared the bank, outstanding checks issued before the bankruptcy was filed that were allowed to clear this month, and payments made by other parties on your behalf. Do not attach bank statements in lieu of *Exhibit D*.

    Report the total from *Exhibit D* here.    − $ _$12095.27_

22. **Net cash flow**

    Subtract line 21 from line 20 and report the result here.
    This amount may be different from what you may have calculated as *net profit*.    + $ _-$745.13_

23. **Cash on hand at the end of the month**

    Add line 22 + line 19. Report the result here.    = $ _$232.03_

    Report this figure as the *cash on hand at the beginning of the month* on your next operating report.

    This amount may not match your bank account balance because you may have outstanding checks that have not cleared the bank or deposits in transit.

## 3. Unpaid Bills

Attach a list of all debts (including taxes) which you have incurred since the date you filed bankruptcy but have not paid. Label it *Exhibit E*. Include the date the debt was incurred, who is owed the money, the purpose of the debt, and when the debt is due. Report the total from *Exhibit E* here.

24. **Total payables**    $ _0.00_

    *(Exhibit E)*

## 4. Money Owed to You

Attach a list of all amounts owed to you by your customers for work you have done or merchandise you have sold. Include amounts owed to you both before, and after you filed bankruptcy.  Label it *Exhibit F*. Identify who owes you money, how much is owed, and when payment is due. Report the total from *Exhibit F* here.

25. **Total receivables**                                                                    $ _____0.00

    *(Exhibit F)*

## 5. Employees

26. What was the number of employees when the case was filed?                        _____0

27. What is the number of employees as of the date of this monthly report?           _____0

## 6. Professional Fees

28. How much have you paid this month in professional fees related to this bankruptcy case?                    $ _____0.00

29. How much have you paid in professional fees related to this bankruptcy case since the case was filed?       $ _____0.00

30. How much have you paid this month in other professional fees?                                               $ _____0.00

31. How much have you paid in total other professional fees since filing the case?                             $ _____0.00

## 7. Projections

Compare your actual cash receipts and disbursements to what you projected in the previous month. Projected figures in the first month should match those provided at the initial debtor interview, if any.

| | Column A<br>**Projected**<br><br>Copy lines 35-37 from the previous month's report. | − | Column B<br>**Actual**<br><br>Copy lines 20-22 of this report. | = | Column C<br>**Difference**<br><br>Subtract Column B from Column A. |
|---|---|---|---|---|---|
| 32. **Cash receipts** | $ 10,000.00 | − | $ 11,350.14 | = | $ _____-$1350.14_____ |
| 33. **Cash disbursements** | $ 9,500.00 | − | $ 12095.27 | = | $ _____-$2595.27_____ |
| 34. **Net cash flow** | $ 1,000.00 | − | $ -$745.13 | = | $ ___$1745.13_____ |

35. Total projected cash receipts for the next month:                          $ _____11,000.00

36. Total projected cash disbursements for the next month:                  − $ _____10,500.00

37. Total projected net cash flow for the next month:                        = $ _____500.00

## 8. Additional Information

If available, check the box to the left and attach copies of the following documents.

☑   38.   Bank statements for each open account (redact all but the last 4 digits of account numbers).

☐   39.   Bank reconciliation reports for each account.

☐   40.   Financial reports such as an income statement (profit & loss) and/or balance sheet.

☐   41.   Budget, projection, or forecast reports.

☐   42.   Project, job costing, or work-in-progress reports.

CommunityAmerica Credit Union

10/09/2023 09:38 AM

# Chiefs Checking *5701

Available **$3,282.11**

Current **$3,459.41**

## Sep 1, 2023 - Sep 30, 2023 Custom

| Date | Description | Amount | Balance |
|------|-------------|--------|---------|
| 09/30/2023 | Point Of Sale Withdrawal / VSI*JACKSONCTYPARKRBLUE SPRINGS MOUS | -$57.00 | $232.03 |
| 09/29/2023 | ACH Payment VENMO - PAYMENT | -$1,000.00 | $289.03 |
| 09/29/2023 | Point Of Sale Withdrawal CCW / SAFE 405-7248501 OKUS | -$52.00 | $1,289.03 |
| 09/28/2023 | ATM Foreign Transaction Fee | -$1.50 | $1,341.03 |
| 09/28/2023 | ATM Withdrawal PRICE CHOPPER 5 / 13351 MISSION RD LEAWOOD KSUS | -$44.00 | $1,342.53 |
| 09/28/2023 | Point Of Sale Deposit CASH / APP*DAVID MILLSan Francisco CAUS | $1,193.74 | $1,386.53 |
| 09/26/2023 | Point Of Sale Withdrawal AMZN / Mktp US*T90QR9Amzn.com/bill WAUS | -$26.37 | $192.79 |
| 09/26/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$76.90 | $219.16 |
| 09/26/2023 | ACH Payment MazumaCU ELECTRONIC / TRANSFER - TRANSFER | -$800.00 | $296.06 |
| 09/26/2023 | Point Of Sale Withdrawal HAND / AND STONE MASS913-225-9341 KSUS | -$70.00 | $1,096.06 |
| 09/26/2023 | Point Of Sale Withdrawal US Law / Shield KS 877-4486839 TXUS | -$12.95 | $1,166.06 |
| 09/26/2023 | Point Of Sale Withdrawal AMZN / Mktp US*T10SQ3Amzn.com/bill WAUS | -$108.51 | $1,179.01 |
| 09/25/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$19.17 | $1,287.52 |
| 09/25/2023 | Point Of Sale Withdrawal WL / *Steam Purchase 425-9522985 WAUS | -$10.90 | $1,306.69 |
| 09/25/2023 | Point Of Sale Withdrawal SAMS / CLUB #4707 Overland Park KSUS | -$60.39 | $1,317.59 |
| 09/25/2023 | Point Of Sale Withdrawal / ABC*ANYTIME FITNESS888-8279262 KSUS | -$24.55 | $1,377.98 |
| 09/25/2023 | Deposit | $1,000.00 | $1,402.53 |
| 09/25/2023 | International Fee US Funds / International Fee US Funds | -$0.20 | $402.53 |
| 09/25/2023 | Point Of Sale Withdrawal / GLOBALPOK GOLD COINTA XBIEX MTMT | -$20.00 | $402.73 |
| 09/23/2023 | Point Of Sale Withdrawal / Walmart.com Bentonville ARUS | -$92.29 | $422.73 |
| 09/23/2023 | Point Of Sale Withdrawal Oculus / 650-5434800 CAUS | -$19.99 | $515.02 |
| 09/23/2023 | Point Of Sale Withdrawal WM / SUPERCENTER Wal-Mart Super CentKANSAS CITY MOUS | -$34.65 | $535.01 |
| 09/22/2023 | Check #9144: Check | -$337.00 | $569.66 |
| 09/22/2023 | Point Of Sale Withdrawal / WAL-MART #2955 1701 W 133RD ST KANSAS CITY MOUS | -$23.43 | $906.66 |
| 09/22/2023 | Point Of Sale Withdrawal / SAMSCLUB #4707 8300 WEST 135TH STROVERLAND PARK KSUS | -$115.15 | $930.09 |
| 09/21/2023 | Point Of Sale Withdrawal PRICE / CHOPPER 5 13351 MISSION ROAD LEAWOOD KSUS | -$200.00 | $1,045.24 |
| 09/21/2023 | Point Of Sale Withdrawal / WAL-MART #2955 1701 W 133RD ST KANSAS CITY MOUS | -$35.37 | $1,245.24 |
| 09/20/2023 | Point Of Sale Withdrawal WM / SUPERCENTER Wal-Mart Super CentKANSAS CITY MOUS | -$8.16 | $1,280.61 |
| 09/20/2023 | Point Of Sale Withdrawal / Wal-Mart Super 2955 WAL-SAMS KANSAS CITY MOUS | -$54.10 | $1,288.77 |
| 09/20/2023 | Point Of Sale Withdrawal SP / NICKELBACK OFFICNICKELBACK.CO PAUS | -$43.20 | $1,342.87 |
| 09/20/2023 | International Fee US Funds / International Fee US Funds | -$5.00 | $1,386.07 |
| 09/20/2023 | Point Of Sale Withdrawal / GLOBALPOK GOLD COINTA XBIEX MTMT | -$500.00 | $1,391.07 |
| 09/20/2023 | Point Of Sale Withdrawal Uber / Technologie San FranciscoCAUS | -$5.00 | $1,891.07 |
| 09/19/2023 | Point Of Sale Withdrawal Uber / Technologie San FranciscoCAUS | -$33.36 | $1,896.07 |
| 09/19/2023 | ACH Deposit ROYAL SEAMLESS G - / PAYROLL | $1,716.28 | $1,929.43 |
| 09/19/2023 | Point Of Sale Withdrawal / VSI*JACKSONPARKRECW816-5034800 MOUS | -$80.00 | $213.15 |

| Date | Description | Amount | Balance |
|------|-------------|--------|---------|
| 09/19/2023 | Point of Sale Withdrawal / VSI*JACKSONPARKRECW816-5034800 MOUS | -$100.00 | $293.15 |
| 09/18/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$42.60 | $393.15 |
| 09/18/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$13.08 | $435.75 |
| 09/18/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$109.11 | $448.83 |
| 09/18/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$10.90 | $557.94 |
| 09/18/2023 | Point Of Sale Withdrawal MEYER / MUSIC CO 913-4916636 KSUS | -$35.24 | $568.84 |
| 09/16/2023 | Point Of Sale Withdrawal Oculus / 650-5434800 CAUS | -$14.99 | $604.08 |
| 09/16/2023 | Point Of Sale Withdrawal SQ / *THE FRUIT STANDKansas City MOUS | -$12.28 | $619.07 |
| 09/15/2023 | Point Of Sale Withdrawal / WAL-MART #2955 1701 W 133RD ST KANSAS CITY MOUS | -$22.94 | $631.35 |
| 09/15/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$198.60 | $654.29 |
| 09/14/2023 | Point Of Sale Withdrawal JIMMY / JOHNS - 1085 773-562-2583 KSUS | -$8.35 | $852.89 |
| 09/13/2023 | Point Of Sale Withdrawal PRICE / CHOPPER 5 13351 MISSION ROAD LEAWOOD KSUS | -$18.15 | $861.24 |
| 09/13/2023 | Point Of Sale Withdrawal SEARS / 8420 888-335-7675 KSUS | -$389.39 | $879.39 |
| 09/13/2023 | Point Of Sale Withdrawal Riot* / AN3WCCNSN45X 866-373-9211 CAUS | -$19.99 | $1,268.78 |
| 09/12/2023 | Check #9145: Check | -$120.00 | $1,288.77 |
| 09/12/2023 | Withdrawal | -$4,285.00 | $1,408.77 |
| 09/12/2023 | Point Of Sale Withdrawal / WAL-MART #2955 1701 W 133RD ST KANSAS CITY MOUS | -$2.15 | $5,693.77 |
| 09/12/2023 | ACH Payment AMERICAN FAMILY - / AFT | -$123.12 | $5,695.92 |
| 09/12/2023 | ACH Deposit VENMO - CASHOUT | $4,285.00 | $5,819.04 |
| 09/11/2023 | Point Of Sale Withdrawal / ABC*ANYTIME FITNESS888-8279262 KSUS | -$24.55 | $1,534.04 |
| 09/11/2023 | Point Of Sale Withdrawal / CKE*SUGARFOOT BBQ OSCEOLA MOUS | -$32.95 | $1,558.59 |
| 09/11/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$21.81 | $1,591.54 |
| 09/11/2023 | Point Of Sale Withdrawal Indian / Point MarinaBranson MOUS | -$68.13 | $1,613.35 |
| 09/11/2023 | Point Of Sale Withdrawal / MCDONALD'S F25248 KANSAS CITY MOUS | -$4.42 | $1,681.48 |
| 09/11/2023 | Point Of Sale Withdrawal / WAL-MART #2955 1701 W 133RD ST KANSAS CITY MOUS | -$46.26 | $1,685.90 |
| 09/09/2023 | Point Of Sale Withdrawal Indian / Point MarinaBranson MOUS | -$60.00 | $1,732.16 |
| 09/09/2023 | Point Of Sale Withdrawal / Amazon.com*TR90C6AYAmzn.com/bill WAUS | -$17.31 | $1,792.16 |
| 09/09/2023 | Point Of Sale Withdrawal PURE / WATER DELIVERY816-4071888 MOUS | -$75.20 | $1,809.47 |
| 09/08/2023 | Point Of Sale Withdrawal TST* / Indian Point FBranson MOUS | -$3.23 | $1,884.67 |
| 09/08/2023 | Point Of Sale Withdrawal DIETZ / FAMILY BUFFETCLINTON MOUS | -$38.73 | $1,887.90 |
| 09/07/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$38.60 | $1,926.63 |
| 09/07/2023 | Point Of Sale Withdrawal JIMMY / JOHNS - 1085 LEAWOOD KSUS | -$8.35 | $1,965.23 |
| 09/07/2023 | Point Of Sale Withdrawal Amazon / Prime*TL6YV6Amzn.com/bill WAUS | -$14.99 | $1,973.58 |
| 09/06/2023 | Point Of Sale Withdrawal / Walmart.com Bentonville ARUS | -$173.72 | $1,988.57 |
| 09/06/2023 | ACH Payment AMERICAN FAMILY - / AFT | -$408.83 | $2,162.29 |
| 09/06/2023 | Point Of Sale Withdrawal / ITALIAN DELIGHT KANSAS CITY MOUS | -$66.74 | $2,571.12 |
| 09/06/2023 | ACH Deposit ROYAL SEAMLESS G - / PAYROLL | $1,716.29 | $2,637.86 |
| 09/06/2023 | Point Of Sale Withdrawal / Amazon.com*TL5542XGAmzn.com/bill WAUS | -$21.81 | $921.57 |
| 09/06/2023 | Point Of Sale Withdrawal LUKAS / WINE & SPIRITKANSAS CITY MOUS | -$25.39 | $943.38 |
| 09/05/2023 | Point Of Sale Withdrawal ROBLOX / 1.888.858.25HTTPSCORP.ROB CAUS | -$19.99 | $968.77 |
| 09/05/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$25.00 | $988.76 |

| Date | Description | Amount | Balance |
|------|-------------|--------|---------|
| 09/05/2023 | Deposit Shared Branch Check / Deposit #99992850 | $1,000.00 | $1,013.76 |
| 09/05/2023 | Insufficient Funds Charge / AMERICAN FAMILY - AFT | -$28.00 | $13.76 |
| 09/05/2023 | ACH Payment AMERICAN FAMILY - / AFT | $408.83 | $41.76 |
| 09/05/2023 | ACH Payment AMERICAN FAMILY - / AFT | -$408.83 | -$367.07 |
| 09/05/2023 | Point Of Sale Withdrawal / Netflix.com netflix.com CAUS | -$15.49 | $41.76 |
| 09/05/2023 | Point Of Sale Withdrawal / SAMSCLUB.COM 888-746-7726 ARUS | -$144.26 | $57.25 |
| 09/05/2023 | Point Of Sale Withdrawal / STEAMGAMES.COM 4259425-8899642 WAUS | -$8.72 | $201.51 |
| 09/02/2023 | Point Of Sale Withdrawal PRICE / CHOPPER # 937 NE WOODS CHAPELLEE'S SUMMIT MOUS | -$2.13 | $210.23 |
| 09/02/2023 | Point Of Sale Withdrawal / Walmart.com Bentonville ARUS | -$228.81 | $212.36 |
| 09/02/2023 | Point Of Sale Withdrawal / VSI*JACKSONCTYPARKRBLUE SPRINGS MOUS | -$7.00 | $441.17 |
| 09/01/2023 | Descriptive Deposit Chiefs / Cashback | $5.00 | $448.17 |
| 09/01/2023 | Uncollected Funds Charge PAYPAL / INSTANT TRANSFER - INST XFER | -$28.00 | $443.17 |
| 09/01/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | $25.00 | $471.17 |
| 09/01/2023 | ACH Payment PAYPAL INSTANT / TRANSFER - INST XFER | -$25.00 | $446.17 |
| 09/01/2023 | Point Of Sale Withdrawal APPLE / COM BILL ONE APPLE PARK WAY CUPERTINO CAUS | -$0.99 | $471.17 |
| 09/01/2023 | International Fee US Funds / International Fee US Funds | -$5.00 | $472.16 |
| 09/01/2023 | Point Of Sale Withdrawal / GLOBALPOK GOLD COINTA XBIEX MTMT | -$500.00 | $477.16 |

## EXHIBIT C

## PROFIT AND LOSS

Tax Returns for the years 2020-2022 are available upon request.

**EXHIBIT D**

**LEASES – Schedule G – Assumption of Executory Contracts and Unexpired Leases**

| Debtor 1 | **David Brian Miller** | | |
|---|---|---|---|
| | First Name | Middle Name | Last Name |
| Debtor 2 | | | |
| (Spouse if, filing) | First Name | Middle Name | Last Name |
| United States Bankruptcy Court for the: | DISTRICT OF KANSAS | | |
| Case number (if known) | | | |

☐ Check if this is an amended filing

Official Form 106G

# Schedule G: Executory Contracts and Unexpired Leases

12/15

Be as complete and accurate as possible. If two married people are filing together, both are equally responsible for supplying correct information. If more space is needed, copy the additional page, fill it out, number the entries, and attach it to this page. On the top of any additional pages, write your name and case number (if known).

1. **Do you have any executory contracts or unexpired leases?**
   ☐ No. Check this box and file this form with the court with your other schedules. You have nothing else to report on this form.
   ■ Yes. Fill in all of the information below even if the contacts of leases are listed on *Schedule A/B:Property* (Official Form 106 A/B).

2. **List separately each person or company with whom you have the contract or lease. Then state what each contract or lease is for (for example, rent, vehicle lease, cell phone).** See the instructions for this form in the instruction booklet for more examples of executory contracts and unexpired leases.

| Person or company with whom you have the contract or lease<br>Name, Number, Street, City, State and ZIP Code | State what the contract or lease is for |
|---|---|
| 2.1 **Anytime Fitness**<br>**13154 State Line Road**<br>**Leawood, KS 66209** | **gym membership** |
| 2.2 **David L. Miller, Trustee of**<br>**The David L. Miller Revocable**<br>**Trust  2/26/1996**<br>**2106 N 114th Terr**<br>**Kansas City, KS 66109** | **contract for deed for purchase of 13124 Meadow Lane**<br>**homestead as noted in schedule E/F** |

## EXHIBIT E - PROJECTIONS OF CASH FLOW/EARNINGS
## POST CONFIRMATION PERIOD

| | Year 1<br>2/2024-1/2025 | Year 2<br>2/2025-1/2026 | Year 3<br>2/2026-1/2027 | Year 4<br>2/2027-1/2028 | Year 5<br>2/2028-1/2029 |
|---|---|---|---|---|---|
| **Gross Receipts:²** | $180,000/year<br>($15,000/month) | $192,000<br>(16,000/month) | $204,000<br>($17,000/month) | $216,000<br>(18,000/month) | $228,000<br>($19,000/month) |
| **Expenses:** | | | | | |
| Personal and business expenses combined³ | $150,000/year<br>($12,500/month) | $162,000/year<br>($13,500/month) | $174,000/year<br>(14,500/month) | $186,000<br>($15,500/month) | $192,000<br>($16,000/month) |
| Net: | $2,500/month | $2,500/month | $2,500/month | $2,500/month | $3,000/month |
| Administrative | $666.67 month average (including Subchapter V Trustee fees paid in lump sump) ($8,000/year) | $500.00 /month ($6,000/year) | $0 | $0 | $0 |
| Community America Credit Union | $289.71/month ($3,476.52/year) | $289.71/month ($3,476.52/year) | $289.71/month ($3,476.52/year) | $289.71/month ($3,476.52/year) | $289.71/month ($3,476.52/year) |
| Mazuma (Murano) | $342.25/month ($4,107/year) | $342.25/month ($4,107/year) | $342.25/month ($4,107/year) | $342.25/month ($4,107/year) | $342.25/month ($4,107/year) |
| Mazuma (5th Wheel) | $371.65/month ($4459.80/year) | $371.65/month ($4459.80/year) | $371.65/month ($4459.80/year) | $371.65/month ($4459.80/year) | $371.65/month ($4459.80/year) |
| Mazuma (Boat) | $370.32/month ($4,443.84/year) | $370.32/month ($4,443.84/year) | $370.32/month ($4,443.84/year) | $370.32/month ($4,443.84/year) | $370.32/month ($4,443.84/year) |
| Unsecured Creditors | $0 | 0 | $10,500 ($875/month) | $10,500 ($875/month) | $15,000 ($1250/month) |
| **Total Plan Payments** | **$24,487.16 ($2040.60/mo.) Year 1** | **$22487.16 (1873.93//mo.) Year 2** | **$26987.16 ($2248.93/mo.) Year 3** | **$26987.16 ($2248.93/mo.) Year 4** | **$31,397.16 ($2616.43/mo.) Year 5** |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |
| | | | | | |

---

² Projected growth of $1.000/month ($12,000/year) in gross receipts from business. Assuming no sales of real estate.
³ Tracking growth to ensure sustainability of businesses and necessary overhead increases due to inflation. Includes Debtor's salary.

## LIQUIDATION ANALYSIS

| Assets: | | | |
|---|---|---|---|
| Ford F-250 | $30,000 | | |
| Nissan Murano | $20,000 | | |
| Forest River 5th Wheel | $25,000 | | |
| Bentley boat | $30,000 | | |
| Household goods and electronics | $5,500 | | |
| Guns and clothing | $2,000 | | |
| Bank accounts | $1205 | | |
| Dump Trailer | $10,000 | | |
| Total Value | $123,705 | | |
| | | | |
| Less<br><br>Secured claims<br>CommunityAmerica Credit Union (Ford F-250): $14,630.85<br>Hopkins Management (dump truck): $10,000<br>Mazuma Credit Union (Nissan Murano): $17,284.85<br>Mazuma Credit Union (Forest River 5th Wheel) : $18,769.10<br>Mazuma Credit Union (Bentley Boat): $18,701.93<br>Total: $79,386.73 | | | |
| Less | $44,318.27 | | |
| Hypothetical Chapter 7 Trustee Fees | | | |
| | | | |
| $9,435.25 | $34,883.02 | | |
| | | | |
| | | | |

| | | | |
|---|---|---|---|
| Less | | | |
| Payments to priority creditors | $0[4] | | |
| Grand Total Value | $34,883.02 | | |
| **Therefore, the Plan as proposed satisfies the requirements of** | | | |
| **11 U.S.C. § 1129(a)(7)(ii).** | | | |

[4] The Internal Revenue Service has filed claim 6 for $4,980.17 in priority income tax liabilities stemming from 2022. When 2022 taxes are provided to the IRS and the United States Attorney for the District of Kansas, the Debtor believes the IRS will either accept the Debtor's numbers and eliminate its claim or the Debtor will file an objection to cclaim.