IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| In re: | ) | |
| David Brian Miller | ) | Case No. 23-20725 |
|    Debtor. | ) | Chapter 11 |

## RESPONSE OF CLAIMANT DAVID L. MILLER REVOCABLE TRUST TO OBJECTION TO PROOF OF CLAIM 20

Claimant, David L. Miller Revocable Trust, through counsel, responds as follows to Debtor's objection to Claim 20.

Debtor's principal objection is that Claimant had previously argued that the Contract for Deed between Debtor and Claimant was terminated and that rather than demand money for Debtor's continued occupancy of the house with respect to which Claimant holds legal title, Claimant should be allowed to seek possession of that house because it is entirely Claimant's property and not part of the bankruptcy. (Doc 76). Basically, Debtor objects that because Claimant initially argued for one form of relief and now argues for another in light of this Court's ruling that a contract for deed between Claimant and Debtor remains in place (Doc 70), this somehow would constitute "unjust enrichment" of Claimant. (Doc 76).

The reason for Claimant's current demand is that on November 15, 2023, this Court ruled that the contract for deed is not terminated but remains in place, that Debtor has an equitable interest in the house, and that that equitable interest is part of the bankruptcy estate. (Doc 70.) The Court found that Debtor's equity in the house does not include the remaining unpaid balance, but is "the difference between the property value and the payments remaining due under the Contract." (Doc 70, p. 18). In light of this ruling, Claimant filed a proof of claim as a secured creditor, using Debtor's own exhibit as a basis for claiming the principal which Debtor claims remains unpaid. (Claim 20).

At trial, Debtor acknowledged that if the contract for deed were still effective, he would owe the remaining unpaid balance and that if necessary, he would get a second job to pay it. This is consistent with a conversation in early September between counsel for Claimant and counsel for Debtor in which Debtor's counsel advised Claimant's counsel that if the contract for deed were deemed effective, he would schedule the remaining balance as a secured debt and include the proposed payoff in the plan. So now Debtor has changed positions. His argument of "unjust enrichment" is unsupported by any authority and makes no sense. It is not unjust to pay or collect a remaining balance under a contract.

There can be no prejudice to Debtor, as Debtor already had it in mind that he would need to pay off the unpaid balance if he were recognized to have an equitable interest in the house. Moreover, Debtor's plan should be amended regardless because it recites that Debtor is still awaiting this Court's ruling on the Motion For Relief From Stay (Doc 75), which ruling has now been issued, clarifying the status of the contract. (Doc 70).

Nowhere in this Court's ruling (Doc 70) is there any finding that Claimant has permanently, bindingly waived payments under the contract for deed. This only makes sense, as Claimant's change in the arrangement with Debtor in 2016 was wholly gratuitous and without consideration; there is no reason Claimant cannot change it back to require payments under the contract, as the binding nature of a contract goes both ways.

Thus, while this Court accepted that the parties discussed that any payments by Debtor under the contract through April, 2016 would be regarded as rent and that Claimant expected to leave the house to Debtor when David L. Miller died (Doc 70, p 4), this Court did *not* find that Claimant can somehow be compelled to convey the house at death in light of that conversation (Doc 70), because such a ruling would be in violation of Kansas law. "[E]quity will not

2

Case 23-20725    Doc# 79    Filed 11/28/23    Page 2 of 4

specifically enforce an oral promise to devise real estate." *In re Boller's Estate*, 173 Kan. 30, 38 244 P.2d 678, 684 (1952). Claimant's statement that he "expected" to leave the house to Debtor at death did not even rise to the level of "promise," but even if it did, Claimant was and is free to change his mind any time. *See id; see also* K.S.A. 59-3503(a) (a transfer of death deed, even if filed, may be revoked at any time prior to death).

Relatedly, it is universally recognized that transfers of real estate, and dispositions on death of practically anything, require a writing. *See, e.g*. K.S.A. 33-106 (sales of real estate to be in writing), K.S.A. 59-3502 (transfer-on-death deeds to be in writing, properly executed and recorded); K.S.A. 58-2401 (trusts concerning real estate to be in writing); K.S.A. 59-608 (oral will recognized only in very limited circumstances and never for real estate). There cannot have been an irreversible waiver based on some oral statement, especially one wholly unsupported by consideration.

In light of all these principles, the only logical conclusion is that, if the contract for deed is still effective, the unpaid balance under the contract for deed remains owed.

Wherefore, Claimant respectfully prays that this Court overrule Debtor's objection to Claim 20 and for such other and further relief as the Court deems just and equitable.

    Respectfully submitted,

    ***McDowell, Rice, Smith & Buchanan P.C.***

By: */s/ Hugh L. Marshall*
    Hugh L. Marshall, KS #19020
    605 W. 47th Street, Suite 350
    Kansas City, Missouri 64112
    816/753-5400 FAX: 816/753-9996
    hmarshall@mcdowellrice.com

    ATTORNEY FOR DAVID L. MILLER

**CERTIFICATE OF SERVICE**

  The undersigned certifies that a complete copy of the foregoing instrument was filed with the court using the CM/ECF which sent notification to all parties of interest participating in the CM/ECF System (with a copy to be mailed to any individuals who do not receive electronic notice from the Clerk) this November 28, 2023:

        Ryan Blay
        WM Law
        15095 W. 116th Street
        Olathe, KS 66062
        Email: blay@wagonergroup.com
        ATTORNEY FOR DEBTOR

        OFFICE OF THE U.S. TRUSTEE
        301 N. Main, Suite 1150
        Wichita, KS 67202
        Email: ustpregion20.wi.ecf@usdoj.gov
        U.S. TRUSTEE

        Richard A Kear
        DOJ-UST
        301 N. Main Street, Ste 1150
        Wichita, KS 67202
        Email: Richard.kear@usdoj.gov

        John Nemecek
        DOJ-UST
        301 N. Main Street, Ste 1150
        Wichita, KS 67202
        Email: john.nemecek@usdoj.gov

        Jordan M Sickman
        DOJ-UST
        301 N. Main Street, Ste 1150
        Wichita, KS 67202
        Email: jordan.sickman@usdoj.gov

        */s/ Hugh L. Marshall*
        Hugh L. Marshall, #19020